**BOWMAN v. ALASKA AIRLINES, Inc.**
No. A–7157.

District Court, Alaska
Third Division, Anchorage.
Oct. 20, 1952.

Davis & Renfrew, Anchorage, Alaska, and Theodore R. Coomber, Los Angeles, Cal., for plaintiff.

McCutcheon & Nesbett, Anchorage, Alaska, for defendants.

DIMOND, District Judge.

The defendants have filed a motion to dismiss the Seventh Amended Complaint. In this complaint, Harry A. Bowman is named as the sole plaintiff, as in the commencement of the litigation, when the original complaint was filed. The co-plaintiff, George Turner, who appeared for the first time in the Fourth Amended Complaint, has, apparently, abandoned the action.

It appears that Turner, who is said to have acquired 550 shares of the stock of the defendant corporation in 1938, was brought in as coplaintiff to meet the requirements of Rule 23(b), Fed.Rules Civ. Proc. 28 U.S.C.A., that the plaintiff in such an action must be a shareholder at the time of the transaction of which he complains or that his shares thereafter devolved upon him by operation of law. Now that Turner is no longer associated as a plaintiff in the action, we are again confronted with the controlling circumstance, that of Bowman's 10 shares of stock. the first 5 shares were acquired by plaintiff Bowman on January 31, 1949.

In this Seventh Amended Complaint, Bowman, now sole plaintiff, in paragraphs II and III thereof, avers:

"II

That the plaintiff is a stockholder of record of the Alaska Airlines, Inc., owning and entitled to vote ten shares of common stock, five shares of which stock were issued on the 31st day of January, 1949, and five shares of which stock were issued February 15, 1950, and that the plaintiff has at all times since January 31, 1949, been a stockholder in the defendant Alaska Airlines, Inc. corporation, and has been a shareholder at the time of all transactions of which the plaintiff complains since that date. And that this action is not a collusive one to confer on this Court or any Court of the United States, jurisdiction of any action of which it would not otherwise have jurisdiction.

"III

"That the plaintiff is the appointed agent of, and by lawful authorization of the owners thereof, controls approximately 2300 shares of common stock of the Alaska Airlines, Inc. representing shareholders numbering approximately 130 common stockholders, who consent to this action; and that the plaintiff, together with the minority stockholders herein mentioned as being represented by plaintiff, has no plan, scheme or design to bring a collusive suit against the corporation or its officers or to confer on this Court or any other Court, jurisdiction which it would not otherwise have and that

72

this action is brought for and on behalf of the Alaska Airlines, Inc. minority stockholders who care to join."

The plaintiff in this pleading again challenges and in effect denies the applicability of Rule 23(b) (1) which says that in a secondary action by shareholders the pleading must aver " * * * that the plaintiff was a shareholder at the time of the transaction of which he complains or that his share thereafter devolved on him by operation of law * * *."

1. It is urged by plaintiff that the date of acquisition by him of his stock is of no consequence because the principal wrongs complained of, alleged to have been committed by defendant Marshall in 1942, 1944 and 1945, as related in paragraph IV(d), (1), (2), (3) and (4), of the Seventh Amended Complaint, are continuing wrongs and therefore the provisions of Rule 23 above mentioned do not apply.

■ In reality, every wrong is a continuing wrong until it is righted or compensated for or adequately remedied. Under the circumstances stated in the Seventh Amended Complaint, to hold that Bowman may bring a representative suit such as here attempted, and therein put in issue in this litigation alleged acts of the defendant which were done many years before Bowman acquired his 10-share interest in the defendant corporation in the year 1949, would result in the virtual nullification by this Court for this action of the provisions of Rule 23(b) (1). Pergament v. Frazer, D.C.Mich.1949, 93 F. Supp. 9. The cases cited by the plaintiff, such as Lissauer v. Bertels, D.C.N.Y.1940, 37 F.Supp. 881, and nearly all of the similar cases are based upon facts from which it appears that the wrongs sued upon were current wrongs for the correction of which any stockholder might lawfully take action. The suggestion that the plaintiff in this action may plead wrongful acts committed by the defendant prior to acquisition by plaintiff of his stock—and perhaps for acts barred by statutes of limitations —runs counter to the express command of Rule 23(b) and must therefore be rejected.

■ It may be well to note here the contention of the plaintiff that Section 23 (b) is procedural only, and so, by inference, that its requirements may be the more easily relaxed. I am unable to accede to that view. Whatever may be the construction of 23(b) as applied to the District Courts of the United States within the several States, it is to be remembered that the District Court for the District of Alaska has been established by Act of Congress "with the jurisdiction of district courts of the United States and with general jurisdiction in civil, criminal, equity, and admiralty causes". 48 U.S.C.A. § 101. Therefore, in a case of this nature, which does not depend upon diversity of citizenship, the District Court for the District of Alaska more nearly resembles a state court of general jurisdiction. Several of the states have adopted the provisions of 23 (b) by state legislation. Under those conditions it can scarcely be successfully argued that the restrictive provisions found in 23(b) are procedural only. An illuminating discussion is to be found in Home Fire Insurance Company v. Barber, 1903, 67 Neb. 644, 93 N.W. 1024, 60 L.R.A. 927, wherein Judge Roscoe Pound said that the rule is more than jurisdictional and is based upon a "sound and wholesome principle of equity," 93 N.W. at page 1029. Judge Pound further stated, 93 N.W. at page 1028, that "sound reason and good authority sustain the rule that a purchaser of stock cannot complain of the prior acts and management of the corporation." As Justice Jackson observed, in Cohen v. Beneficial Indus. Loan Corp., 1949, 337 U.S. 541, at page 555, 69 S.Ct. 1221 at page 1230, 93 L.Ed. 1528: "Rules which lawyers call procedural do not always exhaust their effect by regulating procedure."

■ 2. The motion to dismiss raises the issue as to whether the Seventh Amended Complaint fails to comply with Rule 23(b) by reason of failure to set forth with particularity the efforts of the plaintiff to secure from the directors or trustees or shareholders such action as plaintiff desires. The pleading is sufficient in this respect as regards the alleged .

wrongful act of the defendants on or about November 19, 1949, as stated in paragraph IV(d) (5) of the Seventh Amended Complaint. The efforts or demands with respect to the alleged wrongful acts committed before January 31, 1949, may not be considered because the pleading of those alleged acts is in violation of the provisions of 23(b) and is therefore immaterial. While no demand whatever by or on behalf of the plaintiff for correction of alleged wrongs is pleaded concerning the alleged wrongful acts of December 1951 and June 1952, as stated in IV(f) and IV(g) of the Seventh Amended Complaint, the pleading is sufficient to indicate that any such demand would have been fruitless. The demand set out in Exhibit A to the complaint which is dated July 7, 1952, makes no reference whatever to the alleged wrongful acts of December 1951 and June 1952 but concerns itself only with alleged wrongful acts committed many years before and long prior to the time when plaintiff acquired a single share of stock. It may be argued that the service of the demand embraced in Exhibit A to the Seventh Amended Complaint, by omitting any reference to the alleged wrongful acts of December 1951 and June 1952, indicates that the plaintiff himself considered those acts not substantial or important or of any serious consequence, and that the very pleading of the acts themselves as contained in paragraphs IV(f) and IV(g), containing the averments "this plaintiff is informed and believes, and upon such information and belief alleges, that R. W. Marshall made a secret profit, the exact amount of which is unknown to this plaintiff", would rather indicate that the plaintiff was simply taking a "shot in the dark" with the hope of somehow injuring the defendants. Nevertheless, the pleading of paragraphs IV(f) and IV(g) are held sufficient and not in violation of 23(b), which requires that the complaint shall set forth with particularity the efforts of the plaintiff to secure from the managing directors or trustees and if necessary, from the shareholders, such action as he desires and the reasons for his failure to obtain such action or the reasons for not making such effort.

**3.** At least a part of the relief demanded by the plaintiff does not depend upon the bringing of the action by the United States Attorney for one of the Judicial Divisions of Alaska or by the Attorney General of Alaska. Prayers for relief not justified by the pleadings of the law are mere surplusage and require no specific attention.

4. The last ground of the motion raises the question of primary jurisdiction. The essence of all that can remain in the Seventh Amended Complaint as proper pleading under the ruling of the Court herein, consists of averments that the defendant Marshall, and, through his dominating influence, the officers and directors of the defendant corporation, in November 1949, and in 1951 and 1952, were guilty of fraudulently enriching Marshall at the expense of the corporation through the device of purchases made by the defendant corporation from the other corporation or corporations completely dominated by or under the exclusive control of Marshall. It is true that in the Seventh Amended Complaint there is an assertion, or perhaps a suggestion, that the plaintiff relies as formerly, upon the provisions of the Civil Aeronautics Act embraced in Title IV, Sections 408 and 409 thereof, Title 49, U.S.C.A. §§ 488 and 489. Title X, section 1007 of the Act, Title 49 U.S.C.A. § 647, makes provision for judicial enforcement of the Act, and Title XI, section 1106 of the Act, Title 49 U.S.C.A. § 676, provides:

"§ 676. * * *

"Nothing contained in this chapter shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies."

In paragraph IV(e) of the Seventh Amended Complaint, the plaintiff refers to the Civil Aeronautics Board opinion Docket No. 2021, dated July 1949. That opinion, however, obviously refers to matters which took place before the plaintiff acquired his

first 5 shares of stock in January, 1949. In paragraph VIII (3), averment is made that certain shares of the capital stock of the defendant corporation were issued to Marshall in violation of Title 49 U.S.C.A. § 489(b), but it is plain that the reference is to events which occurred long prior to January 1949, and the modes of pleading of those alleged transactions have no proper place in the pleading under consideration. Since it is here held that the plaintiff may not complain of those transactions in this action, the reference to the Civil Aeronautics Board opinion mentioned in paragraph IV (e) and to the alleged events related in VIII (3) are immaterial.

The pleading here challenged is evidently based upon the general law having to do with the duties and obligations of directors or trustees of corporations, such as formed the basis of the decision in Fleishhacker v. Blum, 9 Cir., 1940, 109 F.2d 543. The reference to the prohibitions embraced in Title IV, sections 408 and 409 of the Act is immaterial and may be stricken. Hence, any expression of opinion here upon the scope of these sections or of section 1106 of the Act would be obiter dictum.

■ 5. One ground of the motion to dismiss is based upon the assertion that the Seventh Amended Complaint embraces several causes of action which are not separately stated. That objection to the pleading as proper pleading has merit. The Seventh Amended Complaint embraces three causes of action: First, that the defendants be made to account for secret profits; second, that the defendants be required to produce the books of the corporation; and third, that the defendant, Marshall, and other directors be removed from office. Rule 10(b), which was entirely ignored in drafting the Seventh Amended Complaint, requires that each claim founded upon a separate transaction or occurrence shall be stated in a separate count whenever a separation facilitates the clear presentation of the matters set forth. But in construing that section as well as other provisions of the rules, the Court must give careful consideration to the provisions of Rule 8(a) (2), which requires only that the pleading shall set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," and the construction placed thereon in Dioguardi v. Durning, 2d Cir., 1944, 139 F.2d 774; Securities and Exchange Commission v. Timetrust, D.C. N.D.Calif.1939, 28 F.Supp. 34; 1 Barron & Holtzoff Federal Practice and Procedure, placed thereon in Diogurdi v. Durning, 2 Ed., page 1649; and The Lost Horizon in Pleading Under the Federal Rules of Civil Procedure, by United States District Judge James Alger Fee, 48 Columbia Law Review, 491.

■ It appears that the plaintiff's Seventh Amended Complaint does contain the statement of a claim upon which relief may be granted showing that the pleader is entitled to relief, but that statement is accompanied by a mass of other matter which is irrelevant and immaterial. Rule 12(f) provides that the Court upon its own initiative may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter. Under that authority, the Court now orders stricken from the Seventh Amended Complaint the following as immaterial:

Paragraph IV(b).

The following portion of paragraph IV(d): "Aero Exchange, Inc., and".

All of paragraphs IV(d) (1), IV (d) (2), IV(d) (3), and IV(d) (4).

The following portion of IV(e): "described in sub-paragraphs 1 and 2 which were contained in the Civil Aeronautics Board Opinion, Docket No. 2021, dated July, 1949," and "the Aero Exchange, Inc." (See p. 6.)

The following portion of paragraph VI: "and cancellation of stocks".

All of paragraph VII.

All of paragraph VIII.

That part of paragraph IX which reads as follows: "s and other companies controlled by Marshall and unknown to this plaintiff,".

All of paragraph X.

The motion to dismiss is denied.

The plaintiff may have ten days within which to file another amended complaint in conformity with the ruling herein made.