In re William J. BRADY and Jennifer S. Brady, Debtors.

William J. BRADY and Jennifer S. Brady, Plaintiffs,

v.

UNITED STATES DEPARTMENT OF the TREASURY, INTERNAL REVENUE SERVICE, Defendant.

Bankruptcy No. 94–53542.
Adv. No. 95–0674.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

June 13, 1996.

Thomas W. Roberts, Erlanger, Kentucky, for Plaintiffs.

Edmund A. Sargus, Jr., United States Attorney, Glenn J. Melcher, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, and Deborah F. Sanders, Assistant U.S. Attorney, Columbus, OH, for Defendant.

Frank M. Pees, Chapter 13 Trustee, Worthington, Ohio.

***OPINION AND ORDER GRANTING UNITED STATES' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT***

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the defendant United States' motion to dismiss, or in the alternative, for summary judgment. The plaintiffs, William J. Brady and Jennifer S. Brady, oppose the government's motion.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(a) and the General Order of Reference entered in this district. This is a core matter which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(B) and (K).

Plaintiffs commenced this adversary proceeding on November 2, 1995, seeking damages and injunctive relief against the United States Department of Treasury, Internal Revenue Service, and a determination by this Court of the validity of the debt underlying the government's proof of claim. The United States answered the complaint, and the plaintiffs then filed an amended complaint without leave of court. The amended complaint consists of two counts and contains the following prayer for relief:

A. A determination of the accuracy and excessiveness of defendant's tax assessment on plaintiffs.

B. A determination of the validity of the assessments and the resulting liens.

C. A determination of the dischargeability of the assessment on May 20, 1991 for the tax year 1990.

D. Any other equitable and legal relief the Court deems appropriate.

Although the government's motion was directed at the original complaint, it has supplemented its motion to include plaintiffs' amended complaint.

Following the briefing on the United States' motion, the parties entered into a joint stipulation that the plaintiffs' liability for their 1990 taxes is dischargeable pursuant to 11 U.S.C. §§ 507(a)(8), 523(a) and 1328. Such dischargeability, however, according to the stipulation, shall have no effect on any federal tax lien based on the plaintiffs' 1990 tax liability as assessed on May 20, 1991. In light of the joint stipulation, the relief sought by the plaintiffs in paragraph C of their prayer has become moot.

The United States contends that the relief requested in paragraphs A and B of plaintiffs' prayer is barred by *res judicata* or that the plaintiffs are collaterally estopped from relitigating the issues previously determined by this Court on plaintiffs' objection to the Internal Revenue Service's proof of claim. The plaintiffs respond that the Court's allowance of the claim "does not automatically and irrevocably establish the validity and truthfulness of the amounts claimed or of the nature of the underlying obligation giving rise to the debt claimed . . .".

The Court disagrees with the plaintiffs' restrictive interpretation of its order overruling their objection to the allowance of the Internal Revenue Service's claim. The order plainly states that "[t]he claim of the United States of America, Internal Revenue Service, as evidenced by its proof of claim filed on August 29, 1995, shall be allowed." The proof of claim allowed set forth a total amount of $65,586.72; and of that amount, $604.31 was listed as unsecured, $23,988.90 as secured, and $40,993.51 as priority claims.

The Court will consider, then, whether plaintiffs' claims are precluded by the prior litigation.

In order that this Court's November 6, 1995 order constitutes *res judicata* and thereby precludes the cause of action brought by the plaintiffs in this proceeding, four elements must be established:

1. that the order overruling plaintiffs' objection to the IRS's claim was a final judgment and that this Court had competent jurisdiction to render that decision;

2. that this adversary proceeding involves the same parties or their privies, as the claim objection matter;

3. that this adversary proceeding raises an issue actually litigated or which should have been litigated in the claim objection matter; and

4. that the causes of action in this adversary proceeding and in the claim objection matter are identical.

*Sanders Confectionery Products v. Heller Financial, Inc.*, 973 F.2d 474, 480 (6th Cir. 1992), *cert. denied*, 506 U.S. 1079, 113 S.Ct. 1046, 122 L.Ed.2d 355 (1993). *See also Kane v. Magna Mixer Co.*, 71 F.3d 555 (6th Cir. 1995), *cert. denied*, — U.S. ——, 116 S.Ct. 1848, 134 L.Ed.2d 949 (1996).

In examining the first element, it is clear that an order allowing a proof of claim is a final judgment. *Bank of Lafayette v. Baudoin (In re Baudoin)*, 981 F.2d 736, 742 (5th Cir.1993). Further, this Court is competent to hear and determine the allowance and disallowance of claims under 28 U.S.C. § 157(b)(2)(B).

There is also no question that the same parties are involved in this adversary as were involved in the prior claim objection matter. Therefore, the first two elements of *res judicata* are satisfied.

The Court further finds that the validity and accuracy of the IRS' assessments and any resulting liens were actually litigated in the prior claim objection matter. Accordingly, the third element is met.

Finally, the fact that the plaintiffs have instituted a complaint for damages and injunctive relief in this proceeding while merely objecting to the IRS' claim in the prior matter does not mean that for purposes of *res judicata*, the causes of action are not identical. In this context, the fourth element

requires only the "identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Sanders,* 973 F.2d at 484 (quoting *Westwood Chemical Co. v. Kulick,* 656 F.2d 1224, 1227 (6th Cir. 1981)). A review of the October 17, 1995 transcript of the hearing on the debtors' objection to the claim of the Internal Revenue Service and of plaintiffs' amended complaint in this proceeding clearly demonstrates that the plaintiffs have relied on and are relying on the same "facts" and "evidence" to establish both their objection to the IRS' claim and their present claims against the IRS.

For the foregoing reasons, the Court concludes that the United States has satisfied each of the elements of *res judicata.* Accordingly, the United States' motion to dismiss, or in the alternative, for summary judgment is **GRANTED**. As a final note, the fact that the plaintiffs request in paragraph D of their amended complaint "[a]ny other equitable and legal relief the Court deems appropriate" is immaterial since they have failed to state any claim for which such relief could be granted. Prayers for relief which are not justified by pleadings of law are mere surplusage and require no specific attention. *Bowman v. Alaska Airlines,* 14 Alaska 62, 14 F.R.D. 70 (1953).

**IT IS SO ORDERED.**

### *JUDGMENT ENTRY*

In accordance with this Court's Opinion and Order Granting United States' Motion to Dismiss, or in the Alternative, for Summary Judgment, entered this date, this adversary proceeding is hereby **DISMISSED.**

**IT IS SO ORDERED.**