Marshall, C. J.
 

 This error proceeding involves an interpretation of three statutes. Section 8510, 'General Code, makes provision for the acknowledgment of deeds and leases, and provides that the signing must be acknowledged “before a judge of a court of record in this state, or a clerk thereof, a county auditor, county surveyor, notary public, mayor, or justice of the peace, who shall certify the acknowledgment on the same sheet on which the instrument is written or printed, and subscribe his name thereto.” That section contains no limitation upon the geographic radius of action of any of the officers by whom the acknowledgment may be taken. In this proceeding we are not concerned with any of the officers except notary public and justice of the peace, and we therefore turn to the sections defining the powers and limitations of those officers. The
 
 *32
 
 pertinent provisions of Section 126, General Code, are as follows:
 

 “A notary public shall have power, within the county or counties for which he is appointed, * * * to take and certify to acknowledgments of deeds, mortgages, liens, powers of attorney and other instruments of writing. * * *”
 

 Section 10224, General Code, provides:
 

 “Justices of the peace within and coextensive with their, respective counties shall have jurisdiction and authority * * * 2. To take the acknowledgments of deeds, mortgages, and other instruments of writing.”
 

 Both of these offices are created by the General Assembly, and the General Assembly has defined their powers. Our problem is therefore purely one of interpretation of statutes. The language in each of the statutes quoted, and especially that part which limits the jurisdiction of each of the officers to the county of his appointment or election, is so clear and free from ambiguity that the question would be one of no difficulty except for some early decisions of this court, which it is claimed have become rules of property.
 
 Lessee of Moore
 
 v.
 
 Vance,
 
 1 Ohio, 1;
 
 Lessee of Kinsman
 
 v.
 
 Loomis,
 
 11 Ohio, 475;
 
 Crumbaugh
 
 v.
 
 Kugler,
 
 2 Ohio St., 374;
 
 Moore
 
 v.
 
 Lessee of Moore,
 
 3 Ohio St., 154.
 

 In the first three of the above cases the officer who took the acknowledgment acted while outside of his own jurisdiction; in each of them the lands which were being sold or leased were located within the jurisdiction where the officer was elected or appointed and held his office; and in each of
 
 *33
 
 them this court stressed that fact iu sustaining the validity of the acknowledgments. In the fourth case,
 
 Moore
 
 v.
 
 Lessee of Moore,
 
 the acknowledgment was taken before the mayor of a city, and he acted not only outside the limits of the city where he held his office, but the lands which were the subject-matter of the instrument were also located outside of the city in which he held office.
 

 The statutes do not place any limitation upon the territorial jurisdiction of a mayor in the matter of taking acknowledgments of deeds. The first three cases may therefore be distinguished upon the ground that the officers exercised their statutory powers in relation to lands located within the jurisdiction where they held office, though at the time of performing their official acts they were temporarily outside of their jurisdiction, and the last case may be distinguished upon the ground that there are no limitations placed upon the territorial jurisdiction of a mayor in the matter of acknowledgments. We are therefore in the instant case not required to review the soundness of the reasons which led this court to the conclusions reached in those cases. In the instant case this court cannot uphold the validity of the acknowledgment before the justice of the peace and the notary public without extending the operation of those oases far beyond the reasons upon which they were based. The language of Sections 126 and 10224 is plain in placing a limitation upon the territorial jurisdiction of a notary public and a justice of the peace in taking acknowledgments to a deed or lease, and, without
 
 *34
 
 passing judgment upon the soundness of the reasoning of the early eases which permitted officers to so act because of their act being performed in relation to lands located within the jurisdiction of their offices, we see no reason for applying the reasoning of those cases to the instant case where the act was performed and the land located outside of their jurisdiction.
 

 It should be stated that this record presents no question of the rights of lessor and lessee where other rights of other parties have intervened; neither have we considered the right of the lessee to treat the defective lease as a contract as a basis of reformation.
 

 The judgment of the Court of Appeals will therefore be affirmed.
 

 Judgment affirmed.
 

 Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.