### SPENCER v FRY

Ohio Common Pleas, Delaware Co

No 12771. Decided Aug 20, 1938

Warner, Valentine & Snyder, Columbus, for plaintiff.

Humes & McAllister, Delaware, for defendant.

### OPINION

By WICKHAM, J.

Stiles Fry was the owner of 23 acres of land in Orange Township, Delaware County, and was in ill health. He had no other property and his funds were exhausted, and he discussed with his son, the defendant, William A. Fry, the question of selling his property or part of it. The defendant said that he would support his mother and father the rest of their lives and pay their funeral expenses and Stiles Fry said that if the defendant would do this he would deed the place to him. Thereafter, on April 9, 1935, the said Stiles Fry together with his wife, Josephine Fry, executed and delivered to the defendant their warranty deed to said premises which deed was filed with the recorder of Delaware County, Ohio, upon the same day. The grantor died May 25, 1935, and the mother died some time later.

According to the agreement made, the defendant supported his father and mother during the balance of their lives, and paid their medical bills and funeral bills in full.

After the said deed was executed and delivered Stiles Fry and his wife Josephine Fry remained in the property as their home to the end of their days and the defendant made daily visits to see that they were cared for, hired household help for them, and made various improvements on the premises.

It appears that the deed in question was acknowledged before Luella V. Decker, a Notary Public in and for Franklin County, Ohio, and the acknowledgment was taken at the Stiles Fry residence in Delaware County, Ohio. Luella V. Decker was not a Notary Public in and for Delaware County, Ohio, at the time the acknowledgment was taken.

The plaintiff is a daughter of Clarence Fry, a son of Stiles Fry, who died before his father. There is no evidence that the plaintiff or her father ever contributed anything

whatever to the support of Stiles or Josephine Fry or paid anything in their behalf, or rendered any services for them during their declining days.

The plaintiff instituted this action by filing a petition for partition of the premises claiming an undivided one-half interest therein on the ground, that the deed, being defectively acknowledged, failed to pass any title and that she, as an heir of Stiles Fry, is entitled to one-half of the premises. She asks that the deed be declared void, cancelled, and held for naught.

The defendant answers denying the plaintiff's claim of an interest in the premises and in his cross petition requests that his title be quieted and title decreed in him by this court, and for all other proper legal and equitable relief.

An acknowledgment taken by a Notary Public outside of the county in and for which he is commissioned is void. **Empire Gas Co. v Coolahan, 112 Oh St 30.** Therefore the deed in question was not effective to pass legal title to the defendant.

However Article 2, §28 of the Constitution of Ohio provides:

"The General Assembly shall have no power to pass retroactive laws or laws impairing the obligation of contracts; but may, by general laws, authorize courts to carry into effect, upon such terms as shall be just and equitable, the manifest intention of parties and officers, by curing omissions, defects and errors, in instruments and proceedings arising out of their want of conformity with the laws of this state."

Pursuant to this Constitutional provision the General Assembly passed Revised Statute, §§5867 to 5872, now §§12210 to 12215, GC providing that:

"When, in an instrument in writing, there is an omission, defect or error, by reason of the inadvertence of an officer, or of a party, person or body corporate, whereby it is not in strict conformity to the laws of this state, the courts of this state may give full effect to such instrument according to the true, manifest intention of the parties thereto."

The acknowledgment of a deed is not a part of the deed itself. In Ohio it is required only as evidence of execution, or as authority for registration. **Foster v Dennison, 9 Ohio 121,** syllabus 4. It is apparent from the evidence in this case that the grantors had every intention to make a valid and effective deed in accordance with the agreement entered into with the defendant. The deed itself was fully completed, but the acknowledgment was defective by reason of a mere technicality, namely, that the Notary Public happened to cross the county line and take the acknowledgment outside of her jurisdiction. That relief may be granted in cases of this nature is clear from a study of a long and old line of cases that have never been questioned in recent years. Thus in **Barr v Hatch, 3 Ohio 527,** the first paragraph of the syllabus reads:

"It is a general principle that a court of equity may supply defects in the execution of a power, whether such defects arise from mistake, accident or ignorance, whenever the intention to execute the power is manifest and especially where the original contract is fair and equitable."

Syllabus 9:

"A deed, defective as a conveyance, has always in equity been regarded as a contract for a deed; and a court of chancery, if the purchase money has been paid, will decree the title to be perfected by the execution of a proper deed."

On page 539 of the opinion of the court, Judge Sherman, commenting on the case of Wadsworth v Wendell, 5 Johns. Ch. 224, decided by Chancellor Kent, said:

"In this case, the chancellor, after reviewing many of the authorities, states the doctrine is too well established, and too just in itself, to admit of any doubt that a defective conveyance binds the lands in equity, against the heir of the grantor, any subsequent voluntary grantee, or subsequent purchaser with notice of the equitable title of the plaintiff."

In **Carr v Williams, 10 Ohio 305,** Judge Grimke said:

"A deed which is intended to convey the legal estate, but which is so imperfectly executed as to fail of effecting that object, is deprived of the character of a conveyance, but may be treated as an agreement to convey, and a resort may be had to chancery for the purpose of enforcing it; and compelling a specific performance; or a bill may be filed for the purpose of rectifying the mistake, when the original deed as reformed will take the place of the conveyance which would otherwise be decreed by the court."

In **Williams v Sprigg, 6 Oh St 585**, it was held that an imperfectly executed deed may operate as a contract of sale from the grantor, so as to create an equitable estate in the purchaser. if it be plainly shown that the instrument was intended as a conveyance of the land, and was accepted and treated as such by the vendee.

In **Hout v Hout, 20 Oh St 119**, the magistrate who took the acknowledgment inadvertently omitted to subscribe his name to the certificate of acknowledgment. The deed was a deed of gift. In deciding that no reformation of the deed would be made Chief Justice Brinkerhoff observed that if the deed in question, though imperfect in its execution, had been so far made to a purchaser, and for a valuable pecuniary consideration, it would, in equity, be sustained as against the heir, but it would not be so sustained against an heir or other party having claims upon the grantor's bounty equal in foundation and merit to the grantees.

In **Warner v Callender, 20 Oh St 190**, the question arose because a certificate of incorporation had no seal, although by a subsequent ex parte proceeding in the Common Pleas Court a decree was obtained curing this defect. The court said:

"The want of a seal to the certificate we think has been effectively cured by the ex parte proceeding for that purpose. In the case of Hout v Hout, ante 119, we held that the permissive power given to the court by the act of March 10, 1859, to give effect to instruments and proceedings was only to be exercised in cases where it is required by equity and justice. Such we think was the case here. The defect in the certificate involved the merest technicality, and the curative decree of the court merely made it conform 'to the true and manifest meaning of the parties'".

In **Spinning v Building and Savings Assn 26 Oh St 483**, the acknowledgement of the certificate of incorporation was taken before a notary public instead of before a justice of the peace as required by statute. This was later corrected in proceedings institutd under §5867 **of the Revised Statutes** and the decree of correction upheld by the Supreme Court.

The case of **Dengenhart v Cracraft, 36 Oh St 549**, is peculiarly in point. There the deed was properly made and signed, but was not a valid conveyance of the wife's estate by reason of the mistake of the parties in acknowledging the same before an officer not authorized by law to take such acknowledgement. The court held that such deed could be cured under the provisions of the statute, and in the very able opinion Judge Johnson said, page 579:

"If it is the deed of 'husband and wife' within the terms of the statute, and if its defect arises out of the omission, error or mistake in its execution, the court has power to carry out the manifest intention of the parties upon just and equitable terms.

"The defect in this deed is found in the acknowledgement alone. \*\*\*

"If, however, it was the deed of 'husband and wife' within the meaning of the curative act, that is **her deed**, as well as her husband's, then the court has power to correct it, if a case is made entitling the grantee or those in privity with him to that relief.

"The object of the statute, as well as the constitutional provision, is to enable the courts to cure defective, not perfect, instruments.

"The power to correct and cure a 'deed or other conveyance of husband and wife' on account of any error, defect or mistake therein, is co-extensive with the powers the parties themselves possessed. Whatever they could have done, and intended to do, the court can do, and whatever mistakes they or the officer have made, whereby the intention of the contracting parties has been defeated, may be cured. It is the power to cure and not a power to make deeds."

And on page 582:

"From this, we conclude that under the act of 1805, if the deed upon its face shows that it has been jointly signed, sealed and delivered by husband and wife, so as to convey his interest, and acknowledged by the wife, though the certificate thereof is defective, it is the deed of husband and wife, within the meaning of the act of 1857, and if there is an error, mistake or omission whereby it did not carry out the intention of the grantors, it is within the power of the court to correct it.

"The object of the statute is to enable courts to carry out the intention of the parties, both husband and wife, by curing errors, defects and mistakes in their deeds or other conveyances made by themselves or the officer taking the acknowledgement, by which this intention was defeated."

And on page 583:

"If, by mistake, the acknowledgement was taken before an officer not authorized to act, and, by reason thereof, the conveyance fails

of its intended effect, we see no reason why it may not be cured."

"Thus in **Spinning v Home Building Association, 26 Oh St 483**, the acknowledgement of an act of incorporation, made before a **notary public** who was not authorized to take it was held curable under the act of 1859.

"The real question is did the party intend to convey? If he did, and made a mistake, which defeated that intention, it may be cured, whatever its form or character, if justice and equity demands it."

See also **Bernier v Becker, 37 Oh St 72,** and **Hume v Dixon, 37 Oh St 66.** In the latter case the deed was defective because the notary public who took the acknowl-edgement failed to subscribe his name. The court indicated that the defective deed vested in the purchaser an equitable interest in the land, with the right to have the defect cured.

A lease or deed, defectively executed by one having authority to execute a proper instrument, may be enforced against him as a contract to make a lease or deed. **Lithograph Bldg Co v Watt, 96 Oh St 74.** See also **Schloss v Brown, 13 Oh Ap 294.**

In **Uebbing v Keester, 14 O C C (N S) 553,** the deed of a mother to her children to effect an equitable distribution of her estate among them in accordance with an agreement was improperly witnessed, and the court held that it would be perfected and enforced in equity in accordance with the agreement.

Considering the instant case in the light of the foregoing authorities, it is very apparent that Stiles and Josephine Fry had every intention of conveying, for a valuable and sufficient consideration, the premises in question to the defendant, that their intention was thwarted in law by a defective acknowledgement of the deed due to mere inadvertence and ignorance in having a notary public from Franklin County take the acknowledgement in Delaware County. The defendant performed his part of the agreement and the equities are all with him. The evidence does not show that the plaintiff ever did anything for her grandparents or concerning this property that would raise any equities on her behalf against the defendant. She is merely an heir claiming a windfall.

Therefore, under the authorities above cited that control this case, the defective deed is good as a contract for conveyance, and as the consideration has been fully performed, equity will consider that done which

ought to be done and the title will be decreed in the defendant; under the authority granted by the constitution and the statutes the deed will be deemd duly corrected according to the manifest intention of the parties, the defendant's title to the premises quieted as against the plaintiff, the plaintiff's petition dismissed and the costs of the case assessed against her.