SEABROOKE, APPELLANT, *v.* GARCIA ET AL., APPELLEES.

(No. 3249—Decided March 31, 1982.)

*Mr. Larry D. Alderman,* for appellant.

*Mr. Ronald H. Gordon,* for appellees.

MAHONEY, J. Plaintiff Joseph Seabrooke appeals a summary judgment granted in favor of defendant Angelina Garcia. We reverse.

Facts

In August 1965, defendant Angelina Garcia along with her husband executed a promissory note secured by a land contract mortgage to Sam Ferranto. Immediately Ferranto assigned the note and mortgage to Security Acceptance Corporation which later assigned them to Avco Security Corporation. In July 1968, Avco obtained a judgment on the note against Garcia. In August 1970, Angelina Garcia executed a rewrite note to Avco. This ostensibly was to replace the original note. Security for the loan remained the mortgage.

One year later, in August 1971, Garcia obtained a discharge in bankruptcy. Listed as one of her debts was the note to Avco.

After the discharge in bankruptcy, Avco assigned the note and mortgage to one Sidney Klein. This assignment was signed by only one witness rather than two as required by R.C. 5301.32 and 5301.01. Klein later assigned the note and mortgage to Joseph Seabrooke, plaintiff herein, who then filed the instant action.

In his complaint, Seabrooke seeks foreclosure of the mortgage and monetary relief on both the mortgage and the note. He also demands that all parties defendant who have liens on the property come forth for the purpose of determining their respective priorities.

Garcia moved for summary judgment stating, *inter alia,* that the bankruptcy discharged the debt precluding any action by Seabrooke, that the case was barred by *res judicata* as the judgment on the note and mortgage obtained by Avco had become dormant and that the original mortgage was defective in that it was signed in Lorain County outside the presence of a notary public and that the notary public who later acknowledged the

document was only authorized to take acknowledgments in Cuyahoga County. Garcia submitted an affidavit and supporting documents to support the claims made in her motion. Although Seabrooke filed a brief in opposition to the motion, he filed no affidavits to counter the factual claims of Garcia.

The trial court granted the summary judgment. It stated that Seabrooke's claim fell on the defectively executed mortgage. Such a mortgage, the court said, is only effective as between the parties, whom it construed to be Garcia and Ferranto, the original mortgagee. The court held that Seabrooke did not acquire the rights of Ferranto through the numerous assignments because of their defective execution. As to the note, the court held that it was discharged by the bankruptcy and therefore could not be sued upon. Although the rights of all the parties were not adjudicated, upon a finding of no just reason for delay, a final order was entered.

## Discussion

### Assignments of Error

"1. The Court of Common Pleas of Lorain County erred as a matter of law in holding that a mortgage is defectively executed where such holding is based solely upon the affidavit of the mortgagor that she did not sign the mortgage in the presence of the Notary Public who acknowledged her signature.

"2. The Court of Common Pleas of Lorain County erred as a matter of law in holding that although a defectively executed mortgage is valid as between the parties it is invalid when assigned by the mortgagee."

At the outset we must concur with the trial court that Seabrooke has no cause of action on the promissory note. It was fully discharged by the bankruptcy. However, the mortgage, being security for the note, is still effective. The trustee in bankruptcy did not dispose of the property described in the mortgage, and apparently rejected it as burdensome. However, it re-

mains as security for the rights of creditors with valid mortgage liens. Thus, Seabrooke is entitled to an action in foreclosure of the mortgage lien as it is not affected by the discharge in bankruptcy of the underlying debt. See 8B Corpus Juris Secundum 117, Bankruptcy, Section 582(2).

Since Seabrooke has no valid claim on the note, Garcia's claim of *res judicata* is moot. The judgment obtained by Avco in 1968 was on the note rather than the mortgage. Therefore, Seabrooke's claim is valid on the mortgage lien to the extent of the balance due at the time of extinguishment of the debt.

Going now directly to Seabrooke's assignments of error, he first claims that the affidavit of Garcia was not enough to prove the defects in the mortgage. He cites cases to the effect that a certificate of acknowledgment is presumed valid and a claim to the contrary must be proven by clear and convincing evidence. *Baldwin* v. *Snowden* (1860), 11 Ohio St. 203; and *Ford* v. *Osborne* (1887), 45 Ohio St. 1. However, this is a motion for summary judgment. Unless the facts as alleged in Garcia's affidavit are countered by affidavits or other evidence submitted by Seabrooke, they are to be considered as true. *Citizens Ins. Co.* v. *Burkes* (1978), 56 Ohio App. 2d 88 [10 O.O.3d 119]; and Civ. R. 56. In this case Garcia's affidavit stated that she did not sign the mortgage in the presence of a notary public and that she signed it in Lorain County. Attached to the affidavit was a copy of the notary commission granted to Earl Tite, who acknowledged the mortgage in this case. According to the commission, Tite was only authorized to notarize documents in Cuyahoga County; in 1965, notaries public were commissioned by county rather than statewide. As Seabrooke has submitted no affidavits or evidence to rebut that of Garcia, her claims must be accepted as true. The only question that remains then is what effect the defective mortgage has on the rights of the parties.

Garcia claims that the defective mortgage is totally invalid. She cites as authority, *Empire Gas Co.* v. *Coolahan* (1925), 112 Ohio St. 30, in which the Supreme Court held that an acknowledgment of a lease taken by a notary public of land located outside of the notary's jurisdiction was null and void. Seabrooke on the other hand offers *Logan Gas Co.* v. *Keith* (1927), 117 Ohio St. 206, in which the document in question was not signed in the presence of a notary public. Rather he took the acknowledgment over the telephone contrary to law. The Supreme Court, rather than looking to the formalities of the document looked to the intent of the parties and held that since the parties clearly intended to execute the contract, that intent would be carried out.

Although it appears that the above cases are in conflict, they are not. As pointed out in *Spencer* v. *Fry* (1938), 28 Ohio Law Abs. 331, the acknowledgment of an instrument is not the same as the instrument itself. There the court noted that in Ohio a court may give full effect to a defective instrument in order to carry out the intentions of the parties. See Section 28, Article II, Ohio Constitution; and R.C. 2719.01. Indeed, the court in *Empire Gas Co., supra,* expressly stated that it was not considering the right of the parties to consider the writing as a contract that could be reformed to conform to the intent of the parties. The court merely held that the acknowledgment was void.

In *Citizens National Bank* v. *Denison* (1956), 165 Ohio St. 89 [59 O.O. 96], the Supreme Court held that a defectively executed mortgage is valid as between the parties thereto in the absence of fraud. The reasoning behind such a rule is to bind the parties to that which they intended. The purpose of the acknowledgment statute (R.C. 5301.01) is to provide evidence of execution and authority for recordation. It is not to provide a way of escape for a party who later wishes to renege on his agreement.

Here there is no allegation that Garcia's signature was secured by fraud. Her clear intention was to execute a valid mortgage. Therefore, as between the parties the mortgage is valid. *Citizens National Bank* v. *Denison, supra.*

The question then becomes one of defining the "parties." In other words, what rights did Seabrooke obtain by the chain of assignments of the mortgage. We hold that he obtained all of the rights of the original mortgagee.

The general rule is that an assignee to a mortgage succeeds to all of the rights which the assignor had. 59 Corpus Juris Secundum 526, Mortgages, Section 368. The fact that the instrument is formally defective should not affect this rule. As stated earlier the purpose of the formal requirements of the documents is to provide evidence of execution of the mortgage. The purpose is not to negate the intent of the parties. Here there is no doubt that the intent of the original mortgagee was to assign his rights to his assignee and so on down the line to Seabrooke. The courts should not alter this intent because the mortgage was formally defective. We hold, therefore, that since a defective mortgage is valid as between the parties, and since an assignee obtains the rights of his assignor, then the mortgage is effective between the parties and their assigns. It must be pointed out that in *Logan Gas Co.* v. *Keith, supra,* the plaintiff was the assignee of the defective document. It, therefore, must have obtained the rights of the assignor in order to bring the suit. Therefore, we hold the mortgage to be valid as between Garcia and Seabrooke.[1]

This opinion does not determine how

---

[1] Garcia also complains that the assignment from Avco to Klein was defective in that it only contained the signature of one witness. However, in the absence of fraud it too is valid as between the parties and does not affect the rights that pass between the assignees as intended by their assignments.

the defective mortgage affects the other defendants in this case. They are not parties to this appeal and the question of priority is not before us.

### Summary

The summary judgment awarded the defendant by the trial court is vacated and the case is remanded to the trial court for further proceedings not inconsistent with this opinion.

*Judgment reversed and*
*case remanded.*

VICTOR, P.J., and QUILLIN, J., concur.