In re David A. DOWNS, Darlene
L. Downs, Debtors.

Bankruptcy No. 96–31406.

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

Dec. 4, 1996.

John Hunter, Trustee, Toledo, OH.

Thomas Molitierno, Fayette, OH, for Debtors.

Teresa Grigsby, Toledo, OH, for City of Montpelier.

## OPINION AND ORDER SUSTAINING OBJECTIONS TO EXEMPTIONS

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court on the objections of Trustee John J. Hunter ("Trustee") and the Village of Montpelier ("Village") to the claimed homestead exemptions of David and Darlene Downs (the "Debtors") under 11 U.S.C. § 522(g) based on the Debtors' alleged prepetition fraudulent transfer of their home at 509 S. Monroe St. in Montpelier, Ohio (the "Home"). Concluding that the Debtors' conveyance of the Home was both voluntary and fraudulent, the Court finds that the objections of the Trustee and the Village are well taken and should be sustained.

### FACTS

The Debtors filed a petition under chapter 7 of title 11 on April 9, 1996 (the "petition date").

### The Debtors Execution of a Prepetition Deed in Favor of Linda L. Downs

The Debtors each claim $5,000.00 homestead exemptions in the Home.

Shortly before the petition date, on March 18, 1996, the Debtors quitclaimed the Home to Linda L. Downs ("LLD"). The parties agree that, since LLD served as one of two witnesses to the deed, the deed did not comply with O.R.C. § 5301.01 which requires a deed to be signed in the presence of two witnesses.

The Trustee argues that the Debtors' actions in executing the deed constituted a voluntary transfer within the meaning of § 522(g) which precludes the Debtors from claiming an exemption in the Home.

In opposition, the Debtors argue that the defect in the deed rendered it void ab initio. Therefore, the Debtors urge the Court to conclude that the deed did not represent a "transfer". In this connection, the Debtors also argue that since there was no valid "transfer" of the Home, the Trustee could not have "recovered" the Home for the benefit of the estate. Further, the Debtors argue that their execution of the deed was not fraudulent. Surprisingly, however, the Debtors have not provided any evidence in opposition to the Trustee's objection.

### Evidence That the Debtors Executed the Deed with Fraudulent Intent

Both the Trustee and the Village presented evidence in support of their argument that the Debtors executed the deed in favor of LLD with actual fraudulent intent.

The Debtors filed a lawsuit against the Village and certain Village police officers (the "Officers") in 1993 (the "State Action") in the Court of Common Pleas of Williams County ("State Court"). To make a lengthy litany tolerably terse, the Debtors sought to recover based on certain alleged improprieties by the Village and the Officers (collectively "the State Defendants") arising from David's arrest on domestic violence charges in 1993.

On February 14, 1996 the Village and the Officers were granted judgment in the State Action when the Debtors did not appear for trial. On the same date, the State Defendants moved for an award of legal fees and costs based on the Debtors' frivolous conduct in the State Action. The State Court gave the Debtors notice that the State Defendants were seeking an award of legal fees "by Entry filed February 20, 1996". Movant's Exhibit B, Attachment G, at p. 1, para. 1. Teresa L. Grigsby ("TLG"), attorney for the State Defendants, also informed the Debtors that the State Defendants were seeking an award of legal fees based on the Debtors' frivolous conduct in the State Action in a letter dated February 22, 1996. Movant's Exhibit B, Attachment B.

The State Court scheduled a hearing on the State Defendants' request for legal fees on March 19, 1996 (the "Sanctions Hearing"). Movant's Exhibit B, Attachment E. On March 18, 1996, the State Court entered a judgment entry which denied the Debtors' motions for a continuance.

On March 18, 1996, the Debtors quitclaimed the Home to LLD, their relative.

Subsequently, on March 26, 1996, the State Court granted the State Defendants judgment on their motion for attorney's fees on March 26, 1996 based on the evidence adduced at the Sanctions Hearing.

### The Trustee's Adversary Against David and LLD to Avoid the Deed

On May 30, 1996, the Trustee filed an adversary proceeding against David and LLD seeking to avoid the deed as a fraudulent transfer. The Trustee obtained a default judgment against LLD and a stipulated judgment against David on September 5, 1996.

### DISCUSSION

### Whether a Prior Stipulated Judgment Entered in the Trustee's Adversary Proceeding Against David for a Fraudulent Transfer is Res Judicata on the Trustee's Objection to Claim

■ The Court agrees with the Trustee that a stipulated judgment entered against David in a prior adversary proceeding to void the deed in favor of LLD as a fraudulent transfer is res judicata on the Trustee's objection to David's homestead exemption. The Court must apply the federal law of res judicata to determine the claim preclusive effect of a prior judgment rendered in federal court. *See J.Z.G. Resources, Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 213–14 (6th Cir. 1996) (concluding that district court was required to apply federal law of res judicata in determining claim preclusive effect of prior federal diversity action). The instant dispute over the Debtors' alleged fraudulent transfer of the Home arises from the same transaction as the Trustee's prior adversary proceeding against David seeking to avoid the deed. *See Brady v. United States (In re Brady)*, 200 B.R. 178, 180 (Bankr.S.D.Ohio 1996) (stating that res judicata "requires only the 'identity of the facts creating the right of action and of the evidence necessary to sustain each action'") (quoting *Sanders Confectionery Products, Inc. v. Heller Fin., Inc.*, 973 F.2d 474 (6th Cir.1992) (other citation and internal quotation marks omitted)). Further, David was a defendant in the fraudulent transfer action which resulted in an unappealed, final judgment in favor of the Trustee.

■ Nonetheless, the Trustee has failed to present sufficient evidence to support the conclusion that Darlene, a non-party, should be bound by the stipulated judgment. *See American Postal Workers Union Local AFL–CIO v. United States Postal Serv.*, 736 F.2d 317, 318 (6th Cir.1984) (stating that "in order for res judicata to apply to a non-party, there must be a showing that the nonparty's involvement was at least as great as would be reasonably expected from a co-party") (citation omitted).

**Whether Darlene Should be Denied an Exemption Under § 522(g) Based on Her Prepetition Execution of the Deed**

■ The Court concludes that Darlene should be denied a homestead exemption based on her prepetition execution of the deed to LLD.

■ The Court agrees with the Trustee that the Debtors' voluntary execution of the deed in favor of LLD represented a "transfer". The Court rejects the Debtors' argument that the deed was void ab initio. On the contrary, a defectively witnessed deed is valid between the parties to the deed. *See Citizens Nat. Bank in Zanesville v. Denison,* 165 Ohio St. 89, 133 N.E.2d 329, 332 (1956); *Seabrooke v. Garcia,* 7 Ohio App.3d 167, 454 N.E.2d 961, 964 (1982); *cf. Basil v. Vincello,* 50 Ohio St.3d 185, 553 N.E.2d 602, 606 (1990) (stating that a defectively executed deed is valid between the parties and creates an equitable interest in the grantee). As the *Seabrooke* court stated in declaring a mortgage valid as between the parties and their assignees, "[t]he purpose of the acknowledgement statute (R.C. 5301.01) is to provide evidence of execution and authority for recordation. It is not to provide a way of escape for a party who later wishes to renege on his agreement." *Seabrooke,* 454 N.E.2d at 964. Furthermore, the passage of time will validate a deed which is improperly witnessed under Ohio law. *See* Ohio Rev.Code § 5301.07(A).

■ The Court further finds that the Trustee has "recovered" the Home for the benefit of the estate within the meaning of §. 522(g) as a result of his filing of an adversary proceeding against David and LLD which resulted in a default judgment against LLD and a stipulated judgment against David. *See Glass v. Hitt (In re Hitt),* 60 F.3d 565, 568–69 (9th Cir.1995) (finding that trustee satisfied requirement that he " 'recover' " property of the estate under § 522(g) where he had filed "objection containing the threat to use avoidance powers which resulted in the reconveyance of [ ] property to the estate") (citing *In re Snyder,* 108 B.R. 150, 154 (Bankr.N.D.Ohio 1989)). The presence of many of the traditional "badges of fraud" and the absence of any proferred evidence by the Debtors to rebut the Trustee's evidence compels the conclusion that the Debtors executed the deed with the actual intent to defraud the State Defendants. *See Ransier v. McFarland (In re McFarland),* 170 B.R. 613, 626 (Bankr.S.D.Ohio 1994) (stating that "[u]nder Ohio law, inadequate consideration, an intra-familia[l] transfer, and the threat of execution constitute three badges of fraud that are in themselves sufficient to find actual intent") (citing *Profeta v. Lombardo,* 75 Ohio App.3d 621, 600 N.E.2d 360 (1991)); *Ag Credit, ACA v. Walton (In re Walton),* 165 B.R. 610, 615 (Bankr.N.D.Ohio 1994) (concluding that debtor's transfer to son for no consideration at time when she had substantial outstanding judgments against her supported finding of actual fraud). *Cf. Rabin v. Delacruz (In re St. Clair Clinic, Inc.),* 73 F.3d 362, unpublished, 1996 WL 6531 at *3–4, No. 94–3943 (6th Cir. Jan. 8, 1996) (concluding that uncontroverted facts evidencing a number of badges of fraud supported grant of summary judgment for plaintiff) (citing *Hunter v. Hansen,* 114 B.R. 927, 935 (Bankr. N.D.Ohio 1990)); *United States v. Weber,* unpublished, 1993 WL 643366 at *5, No. 5:91 CV 2180 (N.D.Ohio Dec. 29, 1993) (concluding that unrebutted evidence of badges of fraud warranted summary judgment in favor of plaintiff), *affirmed,* 47 F.3d 1172, unpublished, No. 94–3253 (6th Cir. Jan. 30, 1995).

First, the Debtors had knowledge of a legal proceeding against them for legal fees and costs when they executed the deed. *Wagner v. Galipo,* 97 Ohio App.3d 302, 646 N.E.2d 844, 848 (1994); *Ransier v. McFarland (In re McFarland),* 170 B.R. 613, 625 (Bankr.S.D.Ohio 1994); *cf.* Ohio Rev.Code § 1336.01(C) (stating that an person holds a claim, and is therefore a creditor of a debtor under § 1336.01(D), where that person has a "right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured"). Second, the Debtors executed the deed in favor of a family member. *McKinley Fed. S. & L. v. Pizzuro Enterprises, Inc.,* 65 Ohio App.3d 791, 585 N.E.2d 496, 500 (Ohio App.1990) (citations omitted), *appeal dismissed,* 50 Ohio St.3d 710, 553 N.E.2d 684 (1990); *cf. Toledo Trust Co. v. Poole (In re Poole),* 15 B.R. 422, 432 (Bankr.N.D.Ohio 1981) (where this Court

stated that "[t]ransfers between ... family members are suspect and subject to the strictest scrutiny, particularly when the consideration supporting the transfer is inadequate") (citations omitted). Third, the Debtors retained possession of the Home. *Wagner v. Galipo*, 97 Ohio App.3d 302, 646 N.E.2d 844, 848 (1994); *Ransier v. McFarland (In re McFarland)*, 170 B.R. 613, 625 (Bankr.S.D.Ohio 1994); *Staats v. Harper (In re Harper)*, 132 B.R. 349, 354 (Bankr. S.D.Ohio 1991). Fourth, the consideration which the Debtors received in exchange for the deed was de minimis. *Kandel v. Shanklin (In re Shanklin)*, 1995 WL 33473 at *3 (Bankr.N.D.Ohio Jan. 6, 1996); *Ransier v. McFarland (In re McFarland)*, 170 B.R. 613, 625 (Bankr.S.D.Ohio 1994); *Staats v. Harper (In re Harper)*, 132 B.R. 349, 354 (Bankr.S.D.Ohio 1991). Indeed, here, as in *McFarland,* the Debtors represented that the transfer to LLD was exempt from conveyance fees. *McFarland,* 170 B.R. at 626. Fifth, the Home which the Debtors deeded to LLD represented substantially all of the dollar value of their assets. *McFarland,* 170 B.R. at 616.

In light of the foregoing, it is therefore

ORDERED that the objections of the Trustee and the Village of Montpelier to the Debtors' claimed homestead exemptions be, they hereby are, sustained.