JOURNAL ENTRY AND OPINION
{¶ 1} Defendants-appellants, Michael and Cheryl Joseph, appeal the trial court's grant of summary judgment to plaintiff-appellee, Texas Commerce Bank. The Josephs took out a mortgage for $525,000 with Saxon Mortgage, Inc. on November 6, 1996. That mortgage was assigned to plaintiff-appellee Texas Commerce Bank ("the bank"). After the Josephs failed to make their mortgage payments, the bank filed a complaint in common pleas court on March 19, 1998.
 {¶ 2} After the Josephs filed for Chapter 13 Bankruptcy protection on September 18, 1998, the trial court stayed the proceedings. When the bankruptcy court granted the bank relief from the stay on April 25, 1999, the common pleas court reinstated the case upon the bank's motion. The trial court granted the bank's motion for summary judgment, from which the Josephs timely appealed, stating three assignments of error. They state:
 {¶ 3} "I. The trial court erred in granting plaintiff-appellee's third motion for summary judgment since there exist genuine issues of material fact which must be determined by a jury.
 {¶ 4} "II. The trial court erred in finding that plaintiff appellee is owed the sum of $525,000 plus interest on the promissory note underlying the subject mortgage.
 {¶ 5} "III. The trial court erred in finding the subject mortgage to be a valid first lien on the property owned by the defendants-appellants."
 {¶ 6} These assignments of error raise two issues: 1) the validity of the mortgage because of the alleged defective acknowledgement, and 2) the bank's right to foreclosure after the mortgage was discharged in bankruptcy.
 {¶ 7} "This court reviews an order granting summary judgment de novo. Hillyer v. State Farm Mut. Auto Ins. Co. (1996), 131 Ohio App.3d 172,175. We apply the same test as the trial court, as set forth in Civ.R. 56(C), which provides that summary judgment may be granted if: `(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and [those minds] viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.' Temple v. Wean United Inc.
(1977), 50 Ohio St.2d 317, 327.
 {¶ 8} "The party seeking summary judgment bears the burden of showing that there is no genuine issue of material fact for trial.Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330; Dresher v. Burt
(1996), 75 Ohio St.2d 280. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-59." Oliver v. CMHA (Sept. 14, 2000), Cuyahoga App. No. 76923.
 {¶ 9} The Josephs claim first that summary judgment was improperly granted because the validity of the mortgage is in question. To support their claim, they provided their affidavits stating that, despite the fact that the document contains two witnessing signatures, when they signed the mortgage only one witness was present, rather than the two required by the statute in effect at the time of signing. They claim that this defect in the execution of the mortgage invalidates it and renders it unenforceable. The bank counters with affidavits of both witnesses stating that they both personally witnessed each of the Josephs signing the mortgage papers.
 {¶ 10} The bank argues, however, that this conflict can be eliminated by operation of law and observes that under R.C. 5301.01 the requisites of an enforceable mortgage do not include two valid witness signatures. In its current form this statute states in pertinent part:
 {¶ 11} "(A) A * * * mortgage * * * shall be signed by the * * * mortgagor * * *. * * * The signing shall be acknowledged by the * * * mortgagor * * * before a judge or clerk of a court of record in this state, or a county auditor, county engineer, notary public, or mayor, who shall certify the acknowledgement and subscribe the official's name to the certificate of the acknowledgement.
 {¶ 12} "(B)(1) If a * * * mortgage * * * was executed prior to the effective date of this amendment and was not acknowledged in the presence of, or was not attested by, two witnesses as required by this section prior to that effective date, both of the followingapply:
 {¶ 13} "(a) The instrument is deemed properly executed and is presumed to be valid unless the signature of the * * * mortgagor * * * was obtained by fraud.
 {¶ 14} "(b) The recording of the instrument in the office of the county recorder of the county in which the subject property is situated is constructive notice of the instrument to all persons, including without limitation, a subsequent purchaser in good faith or any other subsequent holder of an interest in the property, regardless of whether the instrument was recorded prior to, on, or after the effective date of this amendment.
 {¶ 15} "(2) Division (B)(1) of this section does not affect any accrued substantive rights or vested rights that came into existence prior to the effective date of this amendment." R.C. 5301.1, effective 2-1-02, emphasis added.
 {¶ 16} Because the mortgage was executed on November 6, 1996 and the effective date of amendment was 2-01-02, (B)(1)applies and, in turn, triggers (B)(1)(a) and (b). As a result, the mortgage in the case at bar would be "deemed properly executed".[1] The Josephs do not allege under (B)(2) any substantive or vested rights which would preclude application of this statute. Nor do they claim that their signatures were obtained by fraud. Rather, they rely on the statute's former version, which states:
 {¶ 17} "A * * * mortgage * * * shall be signed by the * * * mortgagor * * *. The signing shall be acknowledged by the * * * mortgagor * * * in the presence of two witnesses, who shall attest the signing andsubscribe their names to the attestation. The signing shall be acknowledged by the * * * mortgagor * * * before a judge or clerk of a court of record in this state, or a county auditor, county engineer, notary public, or mayor, who shall certify the acknowledgment and subscribe his name to the certificate of the acknowledgment." Emphasis added.
 {¶ 18} Section 3 of HB 279 (149 v ___) expressly stated the retroactive nature of the statute as follows: "The General Assembly declares its intent that the amendment made by this act to section 5301.01
of the Revised Code is retrospective in its operation and is remedial in its application to instruments described in that section that were executed or recorded prior to the effective date of this act, except that the amendment does not affect any substantive rights or vested rights that came into existence prior to the effective date of this act." See annotation to R.C. 5301.01.
 {¶ 19} In a footnote, the Josephs raise the issue of the constitutionality of the retroactive nature of the law when they rely on R.C. 5310.234, the predecessor to the current version of R.C. 5301.01. The Josephs did not raise the issue of the constitutionality of the statute in the lower court, however, and they raise it only tangentially in their appellate brief. "The general rule is that `an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.' Likewise, `[c]onstitutional rights may be lost as finally as any others by a failure to assert them at the proper time.' Accordingly, the question of the constitutionality of a statute must generally be raised at the first opportunity * * *." State v. Awan
(1986), 22 Ohio St.3d 120, 122, quoting State v. Childs (1968),14 Ohio St.2d 56, citations omitted. Because the Josephs did not raise this issue in the trial court and, additionally, have not specified it in any stated assignment of error, we decline to address it.
 {¶ 20} Whether the earlier or later version of the statute applies, the Ohio Supreme Court has long held that "[a] defectively executed conveyance of an interest in land is valid as between the parties thereto, in the absence of fraud." Citizen's National Bank v.Denison (1956), 165 Ohio St. 89, 95. In Provident Bank v. Hartman, Cuyahoga App. No. 78292, 2001 Ohio App. LEXIS 2329, this court so ruled when it looked at the intent of the parties, "giving full effect to appellant's intention to sign the promissory note and mortgage in favor of [the bank]. We hold that although the mortgage was improperly acknowledged, it was valid between the parties."
 {¶ 21} See also Seabrooke v. Garcia (1982), 7 Ohio App.3d 167, 169
("in Ohio a court may give full effect to a defective instrument in order to carry out the intentions of the parties.") The Seabrooke court noted the absence of fraud in obtaining the signatures on the documents in that case. As that court stated, "the purpose of the formal requirements of the documents is to provide evidence of the execution of the mortgage. The purpose is not to negate the intent of the parties. * * * We hold, therefore, that since a defective mortgage is valid as between the parties, and since an assignee obtains the rights of his assignor, then the mortgage is effective between the parties and their assigns." Id. Even under the former version of R.C. 5301.01, therefore, parties defaulting on a mortgage could not avoid foreclosure by claiming a defect in the acknowledgment.
 {¶ 22} Both the current statute and a long line of case law predating the statutory amendment support the trial court in the case at bar granting summary judgment for the bank. Accordingly, this issue is without merit.
 {¶ 23} In the second question raised in their brief, the Josephs take issue with the magistrate's finding that they owe "on the promissorynote * * * the sum of $525,000 plus interest at the rate of 9 percent per annum from December 1, 1996." Magistrate's Decision, emphasis added. Further, they argue, such a ruling is "contrary to the United States Bankruptcy Code," because the debt upon which the "mortgage is predicated was discharged by the Bankruptcy Court on July 20, 1999."
 {¶ 24} The Josephs ignore, however, the next two paragraphs of the magistrate's opinion: "The Magistrate finds that in order to secure the payment of the promissory note aforesaid, the Defendants, Michael S. Joseph and Cheryl L. Joseph, executed and delivered to Saxon Mortgage, a mortgage deed * * *.
 {¶ 25} "The Magistrate further finds that said mortgage was duly filed with the Cuyahoga County Recorder * * * and thereby became and is a valid first mortgage lien upon said premises * * * [and the] conditions in the mortgage deed have been broken and the same has become absolute and that [the bank] is entitled to have the equity of redemption * * * foreclosed."
 {¶ 26} The bank is not attempting to collect on its promissory note; it is trying to enforce its lien against the property. There exists a "line of bankruptcy cases which hold that although an underlying debt is discharged in bankruptcy, the lien created before bankruptcy against property to secure that debt survives." Lellock v. Prudential Insurance
(U.S. Court of Appeals, 3rd Dist., 1987), 811 F.2d 186, 188. As this court noted, "[a] discharged debt under bankruptcy is protected from in personam liability, but not from in rem liability on a valid lien. * * * Thus, pursuit of in rem liability through foreclosure on the mortgages is permitted and summary judgment with respect to the properties is valid."Teichman v. Cahill, (Nov. 30, 1989) Cuyahoga App. No. 56228, LEXIS 5082, at *7-8.
 {¶ 27} The Josephs are correct insofar as their claim concerning the uncollectability of the promissory note. As the Seabrooke court ruled, the mortgage holder "has no cause of action on the promissory note. However, the mortgage, being security for the note, is still effective. The trustee in bankruptcy did not dispose of the property described in the mortgage, and apparently rejected it as burdensome. However, the property remains as security for the rights of creditors with valid mortgage liens. Thus, [the bank] is entitled to an action in foreclosure of the mortgage lien as it is not affected by the discharge in bankruptcy of the underlying debt." Seabrooke at 168. The same analysis applies to the case at bar. Here also the trustee did not dispose of the property, and it is therefore available as an asset to discharge the existing lien held by the bank.
 {¶ 28} The Josephs' assignments of error are without merit. Accordingly, the trial court did not err in granting summary judgment to the bank.
 {¶ 29} The trial court is affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., and JAMES J. SWEENEY, J., concur.
[1] Summary judgment in this case was granted on February 27, 2002, after the amendment took effect.