PERO et v. MILLER.

Ohio Appeals, 6th Dist., Sandusky Co.

No. 210. Decided Oct. 22, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

REAL ESTATE.
(510 L4e) Specific performance of renewal clause in defectively executed, unrecorded lease, granted.
A. V. Bauman, Fremont, for Pero.
James G. Hunt, Fremont, for Miller.

HISTORY:—Action in Common Pleas by Pero et al against Miller, to compel specific performance of renewal clause in lease. Decree for plaintiff. Defendant appeals. Decree for plaintiff. No action in Supreme Court prior to date of this publication.

### STATEMENT OF FACTS.

The plaintiffs. as lessees, commenced an action in the court of common pleas against the defendant as lessor, to compel the specific performance of a renewal clause contained in a defectively executed lease. A decree was rendered for the plaintiffs, from which an appeal has been taken to this court.

The lease was prepared by Miller himself, was executed on January 27, 1922, and was for a period of five years commencing on May 1, 1922, but it only had one witness and was neither acknowledged before an officer nor placed on record. However, the lessees entered into possession pursuant to the lease and continued in possession as tenants throughout the entire period covered by the lease, paying the rent as stipulated, monthly in advance.

RICHARDS, J.

In view of these facts, it can be of little importance that the lease was defectively executed and not recorded.

The lease contains a renewal clause in the following language:

"Said second party shall have the right to renew this lease for five years provided first party shall have been given written notice at least six months before April 30, 1927."

Pursuant to the terms of the above renewal clause the lessees mailed to the lessor on August 31, 1926, a letter postpaid, notifying him that they wanted the extension of five years as specified in the lease. The lessor denies receiving this notice, but from the evidence it is apparent that he did receive the letter and has forgotten the fact.

The original lease expired April 30, 1927. The lessees continued to pay rent regularly thereafter, monthly in advance, and the lessor to receive and accept the same until January 3, 1928, on which date he notified the tenants that they would have to vacate. Nevertheless they did in fact pay rent regularly thereafter to April 30, 1928, and such rent was received and accepted by the lessor, with knowledge of the renewal notice.

It is urged that the lease being defectively executed, a holding over and the payment and receipt of rent after the expiration of the lease would only operate as a renewal for one year, in analogy to cases in which leases are defectively executed and have no provision for a renewal. The renewal clause distinguishes this case from cases of that character. While the lease was defectively executed and not recorded, it did nevertheless constitute a valid and enforceable contract between the parties. There is no magic about the word "lease." The instrument had a valid consideration and specific provisions, and was executed by parties competent to contract. Treating it as a contract for a lease, the instrument clearly bound the parties to a renewal for a period of five years.

Raitz v. Dow, 10 C. C., N. S., 249; Gross v. Clauss, 6 Ohio App., 140; Schloss v. Brown, et al., 13 Ohio App., 294.

A decree will be entered for the plaintiffs as prayed for.

(Williams and Lloyd, JJ., concur.)