## ARTCRAFT SPECIALTY CO v

## CENTER WOODLAND REALTY CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 11537. Decided June 15, 1931

Lieghly, Halle, Haber & Berick, Cleveland, for Artcraft Specialty Co. et.

M. P. Goodman and Chas. Auerbach, Cleveland, for Center Woodland Realty Co.

MAUCK, PJ, MIDDLETON, J, (4th Dist), and FARR, J, (7th Dist), sitting).

6

**MAUCK, PJ.**

The only debatable question involved is whether or not the parties entered into an oral lease for the premises in question, and if so, whether the attendant circumstances were such as to avoid the application of the statute of frauds. The testimony shows that officers representing the defendant companies in March, 1929, by parol evidence, undertook to lease the property for a period of three years, agreeing to pay therefor a graduated rent of $3000.00 for the first year; $3300.00 for the second year; and $3600.00 for the third year of the term; that the rent was to be paid by monthly installments in advance; that the landlord should put the property in repair and should make substantial alterations to adapt the property for the particular use for which it was wanted by defendant.

The landlord thereupon proceeded to make substantial and extensive alterations in the property, whereupon the defendants took possession and carried out the terms agreed upon for a period of four months. The landlord desired to have the terms of the lease reduced to writing and desired to have certain covenants embodied in that writing for his own protection. He was, of course, protected by the implied terms of the oral lease from the defendants' waste or the use of the property for unlawful purposes and such other covenants as are implied by law, but desiring to have further protection and to have a written instrument evidencing the lease, prepared and submitted to the tenants in April, two different forms of lease. These leases were not, however, signed by defendants and it

is not clear that the terms of the landlord were in all respects acceded to by the defendants.

It is now claimed that the possession taken by defendants was not referable to the oral agreement but was in contemplation of the written lease thereafter to be agreed upon and signed and it is further claimed that as some of the tenants had theretofore occupied a part of the property, there was not such a change of possession of the property under the oral lease as to warrant a finding that such possession was a part performance. We do not find that the record sustains either view contended for by defendants.

All of the necessary terms to constitute a valid lease were agreed upon at the conference in March and it was pursuant thereto that a change of possession of the property was effected.

From the earliest years it has been held in Ohio that such part performance as delivery of possession takes the case out of the statute of frauds. **Moore v Beasley, 3 Oh St 294; Grant v Ramsey, 7 Oh St 157.**

This rule has been criticized. I Tiffany on Landlord and Tenant, 257; Thompson on Real Property, §1181; but the doctrine has never been abandoned in this state, though distinctions have been made in cases having peculiar facts behind them.

The case at bar, however, is much stronger than a case of part performance predicated upon the tenant's possession. Here there was not only part performance by the lessee but full performance by the lessor. The lessor not only yielded possession but spent a large sum of money in making over the property to serve the peculiar needs of the lessee.

"Where the lessor incurs large expenditures in altering the premises for the lessee's use as required by the oral agreement and the lessee enters into possession and continues his occupation for several years, it has been held that this is such performance on the lessor's part as to entitle him to a decree requiring the lessee to execute the lease." 25 R. C. L. 586.

The Supreme Court of Wisconsin in Seaman v Aschermann, 51 Wis. 678, 37 Am. Rep. 849, was dealing with just such a case. The court in speaking of the application of equitable principles to such a situation said:

"The facts stated in this complaint make one of the strongest and clearest cases for its application to be found in the books,

The plaintiff was put to great expense to change and remodel the block of stores to make them suitable for the business of defendants and at their special instance and request and in consequence and fulfillment of the agreement, and made out and executed and tendered the lease to the defendants for them to execute on their part and the defendants entered into full possession and enjoyment of the premises under said agreement and for two years paid the plaintiff the rents stipulated in the lease to be executed and merely delayed by sheer neglect and without refusal to execute the lease on their part. A stronger case where the exercise of jurisdiction could hardly be made."

The circumstances of this case, therefore, are such as to take the case out of the statute of frauds upon the doctrine of equitable estoppel or the application of the principles of specific performance, without resorting to the liberal rule obtaining in Ohio by virtue of Moore v Beasley, supra, and Grant v Ramsey, supra.

In some jurisdictions it is held that the avoidance of the statute of frauds by part performance requires the application of equitable principles and that these equitable principles can only be availed of in a court of equity. It is sometimes held that such a proceeding is akin to equitable estoppel or specific performance and that one cannot avoid the statute of frauds in a direct proceeding in an action at law and that was the attitude of the court in the Seaman case supra. In this respect again Ohio seems to have adopted the most liberal view. Thompson on Real Property, §1181, holds that generally part performance of a lease only avails against the statute of frauds in equity. He adds, however, that there are cases where part performance avoids the statute at law as well as in equity and cites the Ohio authorities already referred to as sustaining that doctrine. They do sustain the doctrine, so that in this state that full relief against the statute is afforded at law, which in other jurisdictions can only be had in equity.

It is accordingly determined that the plaintiff made a case and that the judgment of the Municipal Court is right. Judgment affirmed.

MIDDLETON and FARR, JJ, concur.