**ROLLMAN & SONS CO et v**
**ALASKA REALTY CO et**

Ohio Appeals, 1st Dist, Hamilton Co

No 4921.  Decided Dec 23, 1935

Dinsmore, Shohl, Sawyer & Dinsmore, Cincinnati, Squire, Sanders & Dempsey, Cleveland, and Sullivan & Cromwell, for plaintiffs in error.

Paxton & Seasongood, Cincinnati, Nichols, Morrill, Wood, Marx & Ginter, Cincinnati, Gilbert Bettman, Cincinnati, and Freud, Markus & Stutz, Cincinnati, for defendant in error, The Alaska Realty Co.

## OPINION

**By THE COURT**

It will be noticed that the statute uses the word "sheet." If this word was given a restricted meaning, a great number of conveyances in this state would be immediately affected by the statute. The statute as far as the pertinent portion is involved appears in an act of the legislature in 1831 (29 O. L., p. 346). This statute was construed in the case of **Winkler v Higgins, 9 Oh St, 599**, in which it was held that a certificate of acknowledgment written "upon a separate slip of paper attached to the deed by a wafer, with the officer's seal upon the same" did not constitute a compliance with the provisions of the statute. The court say on page 604 of the opinion: "The object of the provision was evidently to prevent mistakes and fraud, and to give greater certainty to titles within the state."

The difference between the facts in this case and that under consideration is apparent.

In **Norman v Shepherd, 38 Oh St, 320**, the court sustained a mortgage deed as valid, although written upon two sheets of paper. On page 322, the court say:

"There is no rule of law requiring a deed to be written entirely upon one sheet of paper, unless it be found in the first section of the act of February 22, 1831, 1 S. & C. 460, which requires the certificate of the officer taking the acknowledgment to be "on the same sheet on which such deed, mortgage, or other instrument may. be printed or written." Under this statute this court decided in Winkler v Higgins, 9 Oh St, 599, where the certificate of acknowledgment was upon a separate strip of paper attached to the deed by a wafer, with the officer's seal upon it, that there was a failure to comply with the terms of the statute, and, in that case, it was said, 'The facility with which such a certificate of acknowledgment might be removed from one instrument and attached to others would greatly impair the public security against intentional frauds.'

"This remark has no application to the case before us. Here the certificate of acknowledgment is found upon the sheet containing the testatum clause, the signatures and the seals; and is inseparable from it without mutilation. True, this sheet does not contain upon itself a complete mortgage deed, but it is also true that neither does the other sheet which precedes it and to which it is attached. No such fraudulent use could be made of such an instrument as is suggested in Winkler v Higgins, the possibility of which it was the intent of the statute to avoid.

"Indeed, it may be said that no fraudulent use of any kind could be made of this paper without actual forgery, and that this crime would be as easily perpetrated by writing a whole mortgage as half an one. In fine, we do not think that the case falls within the principle of Winkler v Higgins or the requirement of the statute. Undoubtedly, where fraud is alleged, the fact that such an instrument is not drawn upon a single sheet might be a significant, or, under certain circumstances, an all-important factor in the determination of the issue. Nothing of the kind is claimed here."

In Columbus Merchandise Co. v Kline, 248 Fed., 296, at page 300, the court say:

"If an affidavit on a separate sheet be so securely attached to a chattel mortgage or contract, by means of some adhesive substance or otherwise, that its removal would result in the mutilation of the instrument or leave behind sufficient evidence that the instrument had been tampered with, I doubt not but that such instrument, when properly filed, would be held sufficient.

"As neither the Closs nor the Oglesby case are binding on a federal court, because not decided by the state's highest judicial tribunal, this court is at liberty to adopt its own views, and is inclined to believe that the right result was attained in the Closs case, unless the affidavit was so affixed that it could not be removed without leaving behind proof that the instrument as originally filed had been tampered with." 15 Ohio Law Rep., 525.

In Oglesbey v National Box Board Co., 25 C.C. (n.s.) 61, it is stated in the syllabus that:

"It is a sufficient compliance with §8568, GC, relating to conditional sales of property, if the statement required by said section to be placed "thereon" under oath, made by the vendor or his agent, is written upon a separate piece of paper and attached by means of fasteners to the conditional sale contract. National Cash Register Co. v Closs, Assignee, 12 C.C. (n.s.), 15, overruled."

The intention of the legislature is to facilitate not to retard the bona fide transfer of property. The courts construing the statute in question have been guided by such policy. The instant case presents no occasion for the application of a construction of this statute which would frustrate its purpose to facilitate and protect those interested in the transfer of interests in real estate.

Recourse has been had by those complaining of the mechanical construction of the instrument to the new proceedings permitting the pronouncement of a declaratory judgment. The parties, on the other hand, might have adopted a course of conduct entailing serious consequences if their conception of the matter was erroneous. The wisdom and also the security of the course adopted is not overlooked.

Our position is reinforced also by the conclusion that even if it were necessary to declare the lease ineffective as such, it must under the facts presented be deemed to be a contract to make a lease.

In conclusion, we observe the provisions of §12102-12, GC:

"This act is declared to be remedial, its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and is to be liberally construed and administered."

In view of the authorities construing the statute in question and the facts in this

case developing that the several sheets of paper, constituting the writing embodying the exact agreement of the parties, are bound together in such a manner as to prevent any tampering therewith, without leaving definite evidence of such change, we conclude that there is not the slightest suggestion of fraud or mistake, and it is, therefore, our conclusion that the instrument in question constitutes a valid lease, and the judgment should be so declared.

The judgment of the Court of Common Pleas is affirmed.

ROSS, PJ, MATTHEWS and HAMILTON, JJ, concur.