**J. J. NEWBERRY CO. v. MARSHALL et al.**
(two cases).

Nos. 8837, 8838.

Circuit Court of Appeals, Sixth Circuit.

Feb. 4, 1942.

S. N. Galvin, of Cleveland, Ohio (Galvin & Galvin, and Elmer J. Babin, all of Cleveland, Ohio, on the brief), for appellant.

Joseph F. Smith, of Cleveland, Ohio (Maurer & Bolton and Joseph F. Smith, all of Cleveland, Ohio, on the brief), for appellees.

Before SIMONS, ALLEN, and McALLISTER, Circuit Judges.

ALLEN, Circuit Judge.

The principal question presented by these consolidated appeals is whether a lease written on separate sheets of paper, fastened together by staples in a manuscript cover and bearing an acknowledgment on a sheet separate from those upon which the instrument is written, complies with the requirements of Section 8510, General Code of Ohio.

Appellant in its petition sought a declaratory judgment declaring that the lease created a tenancy from month to month instead of for the term of years set forth in the instrument. Appellees both by cross-petition and by action in the state court sought to have the lease declared valid for the full twenty-year term therein provided and prayed in the alternative for reformation, specific performance, and equitable relief. After removal of the state court case, consolidation and hearing, the District Court held that the lease was executed

in substantial compliance with the statute and also held that under Sections 8559 and 12210 of the General Code of Ohio, the defect in the conveyance should be corrected by the judgment of the court and that the statute of limitations did not bar relief.

The lease was executed by both parties and delivered on March 13, 1928. The appellant assumed possession pursuant to the terms of the lease and the parties performed their respective obligations thereunder for more than ten years thereafter. Contending that since the acknowledgment was on a sheet separate from the instrument, it was a lease from month to month only, the appellant then notified the appellees that it contemplated vacating the premises. No claim is made that the instrument as executed did not fully express the intent of the parties and the sole attack is based upon the technical provisions of Section 8510, General Code, which reads as follows: "A deed, mortgage, or lease of any estate or interest in real property, must be signed by the grantor, mortgagor, or lessor, and such signing be acknowledged by the grantor, mortgagor, or lessor in the presence of two witnesses, who shall attest the signing and subscribe their names to the attestation. Such signing also must be acknowledged by the grantor, mortgagor, or lessor before a judge of a court of record in this state, or a clerk thereof, a county auditor, county surveyor, notary public, mayor, or justice of the peace, who shall certify the acknowledgment on the same sheet on which the instrument is written or printed, and subscribe his name thereto."

■ It is the general rule in Ohio that entry and payment of rent under a lease defectively executed creates a tenancy either from month to month or from year to year, varying according to the rental provisions established in the lease, rather than a tenancy for the agreed term. Baltimore & Ohio R. Co. v. West, 57 Ohio St. 161, 49 N.E. 344; Wineburgh v. Toledo Corp., 125 Ohio St. 219, 181 N.E. 20, 82 A.L.R. 1315. Since Section 8510 specifically requires that the acknowledgment of a lease be made upon the same page as the instrument, appellant contends that the decrees herein are clearly erroneous. However, the Ohio court of last resort, in the recent case of S. S. Kresge Co. v. Butte, 136 Ohio St. 85, 23 N.E.2d 944, held that substantial compliance with Section 8510 was sufficient. A declaratory judgment was prayed for there,

as here, adjudging that the lease involved created a tenancy from year to year for the reason that the certificates of acknowledgment were not on the same sheet with the written instrument. The court held that the lease had been executed in substantial compliance with the Code, the syllabus reading as follows: "A written lease demising land for a term of more than three years and consisting of separate sheets of paper so bound together with rivets that none of the sheets can be removed without mutilation of the rivets or sheets or both, some of which sheets contain only certificates of acknowledgment of the signing of the lessors, constitutes a substantial compliance with Section 8510, General Code, which requires the acknowledgment to be certified on the same sheet on which the instrument is written or printed."

■■ Appellant contends that this decision is authority in its favor because in the opinion (136 Ohio St. page 89, 23 N.E.2d 946) the statement is made that certain staples which were used in connection with the rivets to bind the sheets together "are easily removed without injury to themselves or the paper," and asserts that the present lease is invalid because it also is fastened with staples. It has been the settled law of Ohio, however, since 1858, that the judgment of the Supreme Court is stated in the syllabus. Rule VI of the Ohio Rules of Practice reads as follows:

"In each cause a syllabus of the points decided by the Court, shall be stated in writing by the Judge assigned to prepare the opinion of the Court. Such syllabus shall be confined to the points of law arising from the facts of the cause as determined by the Court.

"The syllabus shall be submitted to the Judges concurring therein, for revisal, before publication thereof; and it shall be inserted in the volume of official reports without alteration, unless otherwise ordered by the Judges concurring therein."

In Ohio, matter outside the syllabus is not regarded as decision (Haas v. State, 103 Ohio St. 1, 8, 132 N.E. 158, 17 A.L.R. 1164), and when a judge writing an opinion discusses matters or gives expression to his views on questions not contained in the syllabus, it is merely the personal opinion of the judge. State ex rel. Donahey v. Edmondson, 89 Ohio St. 93, 107, 108, 105 N.E. 269, 52 L.R.A.,N.S., 305, Ann.Cas.1915D, 934. The syllabus of the Kresge case, supra, embodies a specific holding that sub-

stantial compliance with the statute is sufficient, and applying this rule, the District Court found as a fact that the staples binding pages of the lease together could not be removed without some damage to the instrument and the probability that their removal would be very readily detected, and found that in the execution of the lease the statute had been substantially complied with. The evidence supports this finding, and counsel conceded at the hearing that rivets of the type involved in the Kresge case, supra, which the Supreme Court of Ohio held to effect a sufficient binding under the statute, could be withdrawn more easily and with no greater damage to the instrument than the staples fastening the present lease. The District Court did not err in concluding that the lease was valid because of substantial compliance with Section 8510, General Code.

Upon every feature of the case the equities, as found by the trial court, are with the appellees. The lease was prepared by the appellant and tendered to the appellees for execution. The defect in the instrument was appellant's fault. Under the terms of the lease and at the instance of the lessee extensive alterations at substantial cost (some $9,000) to the lessors were made in the building, which was being constructed at the time. Similar circumstances were held in Artcraft Specialty Co. v. Center Woodland Realty Co., 40 Ohio App. 125, 178 N.E. 213, to estop a tenant from defending upon the ground of the statute of frauds. The appellant asks that the court assert its equitable jurisdiction and declare this lease, under which appellant has enjoyed the benefits for ten years, invalid not upon the ground of fraud, mistake, or misrepresentation, nor upon any ground except that a defect exists in an instrument prepared by itself. The court did not err in refusing upon this ground to invalidate the lease.

This is not a case calling for reformation of the contract, for both parties intended to execute the lease in its present form, and every provision thereof is in accord with the intention of the parties. Bryant v. Swetland, 48 Ohio St. 194, 27 N. E. 100, therefore is not controlling here. Clearly, however, the lease as drawn is regarded in equity as a contract to make a lease, and the prayer of the appellees for specific performance should be granted. This is the settled rule in Ohio, recognized in the following, as well as in many other

Ohio cases: Lithograph Building Co. v. Watt, 96 Ohio St. 74, 117 N.E. 25; Rollman & Sons Co. v. Alaska Realty Co., 52 Ohio App. 166, 171, 3 N.E.2d 565; R. K. O. Distributing Corp. v. Film Center Realty Co., 53 Ohio App. 438, 5 N.E.2d 927, motion to certify overruled October 14, 1936; Robert Raitz & Co. v. Dow, 10 Ohio Cir.Ct.R.,N.S., 249; Schloss v. Brown, 13 Ohio App. 294; Williams v. Sprigg, 6 Ohio St. 585; Pero v. Miller, 32 Ohio App. 174, 166 N.E. 242.

Since Section 11221, General Code of Ohio, provides a limitation of fifteen years with reference to enforcement of a written contract, the action is timely brought. In view of these conclusions it is not necessary to discuss the effect of the seldom construed curative statutes, Sections 8559 and 12210, General Code of Ohio. Whether they afford a statutory remedy in cases of this kind, not limited by the ten-year provision of Section 11227, General Code (Dengenhart v. Cracraft, 36 Ohio St. 549, 569), or whether, as contended by appellant, they simply restate the doctrines of equity as they existed theretofore, is immaterial here, where, for the reasons above stated, the District Court was clearly right in denying the relief sought by the appellant.

The decree in each case is affirmed.