JOURNAL ENTRY AND OPINION
Defendant-appellant, Lee J. Hartman, appeals the judgment of the Cuyahoga County Court of Common Pleas granting the motion for summary judgment of third-party defendants-appellees, Arter Hadden, Michael Elliot and Margaret Teves. For the reasons that follow, we affirm.
On December 5, 1996, The Provident Bank filed a complaint in foreclosure against appellant and her husband, Robert A. Hartman, Charter One Bank, and Francis E. Gaul, Treasurer of Cuyahoga County, with respect to the Hartman home in Cleveland Heights, Ohio. Provident alleged that the Hartmans were in default on a promissory note in the original principal amount of $300,000, secured by a mortgage lien on their home, executed and delivered to Provident on March 5, 1995. Appellant's obligation to satisfy the amount due under the promissory note was limited to her interest in the mortgaged property and Provident sought judgment against her for same.
Appellant answered asserting various defenses and a counterclaim against Provident. In addition, appellant filed a cross-claim for fraud against her husband, asserting that he fraudulently induced and coerced her into signing the promissory note and mortgage deed in favor of Provident. Appellant also filed a third-party complaint against Arter 
Hadden, Michael Elliott, an Arter Hadden attorney, and Margaret Teves, a secretary employed by Arter Hadden, alleging that they had fraudulently and negligently witnessed and notarized her signature on the promissory note and mortgage deed. The gist of appellant's complaint against the third-party defendants was that neither Elliott nor Teves had personally witnessed her sign the documents, although they witnessed and notarized her signature on the documents. Therefore, appellant asserted, the note and mortgage were not valid and she was entitled to indemnification or other damages from appellees.
The case was referred to the court magistrate. On October 27, 1997, at a pretrial conference, the magistrate ordered that discovery be completed by February 9, 1998 and dispositive motions be filed no later than March 9, 1998. On February 10, 1998, the parties jointly moved the court for an extension of time to complete discovery. The court granted the motion and the discovery cutoff date was extended to June 15, 1998, with dispositive motions to be filed no later than July 15, 1998.
On July 15, 1998, appellees filed their motion for summary judgment. On August 31, 1998, appellant filed a brief in opposition to appellees' motion and on September 24, 1998, appellees filed a reply brief.
In the ensuing months, the magistrate considered the motion for summary judgment filed by Charter One Bank, to whom appellant and her husband, on November 12, 1992, had also executed and delivered a promissory note, secured by their home. On January 27, 1999, the magistrate issued a decision granting the motion of Charter One Bank for summary judgment and ordering foreclosure and sale of the Hartman home.[1] On May 12, 1999, the trial court adopted the magistrate's decision and entered judgment for Charter One Bank. Appellant does not contest this ruling.
On August 24, 1999, the magistrate issued a journal entry stating, Pretrial held. Parties are granted leave until September 24, 1999 to submit proposed magistrate's decisions on the third-party defendants' motion for summary judgment. Plaintiff has notified the magistrate that the claims of the plaintiff have been settled. Plaintiff to submit settlement entry.
On September 24, 1999, rather than submitting a proposed decision, however, appellant filed a motion for extension of time within which to submit a judgment entry. Counsel's affidavit attached to the motion stated that a proposed decision regarding appellees' motion for summary judgment could not be prepared because the Provident Bank issue in the case had not yet been settled and requested an additional sixty days, or until November 23, 1999, to resolve the Provident Bank issue.
On September 27, 1999, the magistrate issued a decision granting appellees' motion for summary judgment and dismissing appellant's third-party complaint. On September 30, 1999, the magistrate denied appellant's motion for an extension of time within which to submit a judgment entry. Appellant filed objections to the magistrate's decision on October 12, 1999. On June 12, 2000, the trial court adopted the magistrate's decision in its entirety.
Subsequently, upon reaching a settlement with appellant, Provident dismissed its complaint against appellant. Appellant likewise dismissed her cross-claim against her husband. Appellant then timely appealed the decision of the trial court which adopted the magistrate's decision granting appellees' motion for summary judgment and dismissing appellant's third-party complaint against appellees. Appellant has raised five assignments of error for our review.
As an initial matter, we note that appellant voluntarily settled Provident's claim against her. Accordingly, appellant's payment to Provident to settle Provident's claim was gratuitous and therefore not subject to indemnification from appellees. In short, appellant's voluntary payment to Provident extinguished appellant's claims against appellees. Accordingly, appellant's appeal is moot and this court need not consider it. State v. Boysaw (1987), 40 Ohio App.3d 173, 174. In the interest of justice, however, we will consider appellant's assignments of error.
Appellant's first assignment of error states:
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT BEFORE A RULING WAS MADE ON APPELLANT'S MOTION FOR EXTENSION OF TIME.
In her first assignment of error, appellant argues that the trial court erred in not granting her motion for an extension of time pursuant to Civ.R. 6(B) and Loc.R. 8(C). We find no error.
Loc.R. 8(C) provides that parties may obtain an extension of time, not to exceed 30 days * * *, by filing * * * a written stipulation approved by all counsel providing for an extension. Appellant filed a motion for an extension of time, not a stipulation signed by counsel for all parties. Moreover, appellant's motion requested an additional 60 days in which to file a judgment entry. As noted, Loc.R. 8(C) provides that any stipulated extension of time may not exceed 30 days.
Civ.R. 6(B) states, in pertinent part:
 When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice, order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order * * *.
To establish an abuse of discretion, appellant must demonstrate that the court acted arbitrarily, unreasonably or unlawfully. Ramsey v. Edgepark, Inc. (1990), 66 Ohio App.3d 99, 106. Appellant has not done so.
More than one year after appellees' motion for summary judgment was filed, the magistrate ordered the parties to submit proposed entries regarding the motion. Appellant did not do so, but rather submitted a motion requesting extra time so that she could complete her settlement arrangements with Provident Bank. As set forth in Civ.R. 6(B), the decision to grant an extension is discretionary with the trial court. Appellant's attempt to settle Provident's claims was not relevant to whether or not genuine issues of fact precluded summary judgment in favor of appellees and therefore, appellant's reason for the requested extension was not pertinent to the trial court's order to submit proposed entries. Accordingly, the magistrate did not act arbitrarily, unreasonably or unlawfully in denying appellant's motion for an extension of time.
Appellant's first assignment of error is overruled.
Assignments of error two through five state:
 II. THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT ON A THEORY OF FRAUDULENT INDUCEMENT, AS NO SUCH CLAIM WAS EVER ALLEGED AGAINST THEM.
 III. THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT ON A THEORY OF DURESS, AS NO SUCH CLAIM WAS EVER ALLEGED AGAINST THEM.
 IV. THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT, AS GENUINE ISSUES OF MATERIAL FACT EXIST AS TO WHETHER THE IMPROPERLY ACKNOWLEDGED MORTGAGE IS INVALID.
 V. GENUINE ISSUES OF MATERIAL FACT EXIST REGARDING WHETHER APPELLEES ARE LIABLE TO APPELLANT FOR FRAUD AND NEGLIGENCE BASED ON THE IMPROPER ACKNOWLEDGEMENT OF THE DOCUMENTS AT ISSUE.
Assignments of error two through five all challenge the trial court's decision granting summary judgment in favor of appellees. Appellant argues that the trial court improperly granted appellees' motion on theories of liability that she did not allege against them and that genuine issues of material fact precluded summary judgment in appellees' favor.
This court reviews the lower court's grant of summary judgment de novo in accordance with the standards set forth in Rule 56(C) of the Ohio Rules of Civil Procedure. North Coast Cable v. Hanneman (1994),98 Ohio App.3d 434, 440. Summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the non-moving party. Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370; Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. To obtain a summary judgment under Civ.R. 56(C), the moving party bears the initial responsibility of informing the court of the basis for the motion and identifying those portions of the record which support the requested judgment. Vahila v. Hall (1997), 77 Ohio St.3d 421, 430. If the moving party discharges this initial burden, the party against whom the motion is made then bears a reciprocal burden of specificity to oppose the motion. Id. See, also, Mitseff v. Wheeler(1988), 38 Ohio St.3d 112. Any doubts must be resolved in favor of the non-moving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
In her complaint, appellant admitted that she signed the promissory note and mortgage at issue, but asserted that the note and mortgage were not valid because she had signed under duress from her husband. In addition, appellant asserted that the note and mortgage were not valid because appellees had fraudulently and/or negligently handled their execution and notarization. Appellant claimed that Elliot and Teves had either fraudulently or negligently attested that she signed the promissory note and mortgage in their presence when, in fact, she had signed the documents at her home, in the presence of her husband. For purposes of their motion for summary judgment, appellees conceded that the notarization and verification were defective because the documents were witnessed and notarized outside the presence of appellant.
Appellant first argues that the decision of the trial court granting summary judgment in favor of appellees should be reversed because she did not allege fraudulent inducement or duress against appellees, the claims upon which the trial court granted summary judgment in appellees' favor. Appellant contends that she alleged fraudulent inducement and duress against her husband — not appellees — and his liability or lack thereof on these claims does not affect appellees' liability for her claims of fraud and negligence. Therefore, appellant contends, the trial court's summary judgment in favor of appellees was in error.
A review of the magistrate's decision granting appellees' motion for summary judgment supports appellant's argument. In his decision, the magistrate stated that appellant's claim for fraudulent inducement must necessarily fail because [appellant's] own testimony establishes that she knew that she was pledging her house in return for a business loan. In addition, the magistrate noted that [appellant] failed to prove duress by Third-Party Defendants, Arter Hadden, Elliot or Teves. Thus, we agree with appellant that the trial court erroneously granted summary judgment in favor of appellees on claims which appellant did not raise against them.
As the Supreme Court of Ohio stated in Joyce v. General Motors Corp. (1990), 49 Ohio St.3d 93, 96, however:
 We have consistently held that a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as the basis thereof.
Thus, we review the trial court's judgment de novo to determine whether the judgment was correct, albeit for different reasons.
To demonstrate a prima facie fraud claim against appellees, appellant was required to prove the following:
 (a) a representation, or where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.
Gaines v. Preterm-Cleveland, Inc. (1987), 33 Ohio St.3d 54, 55.
Appellant failed to demonstrate these elements. As the trial court properly noted, in her deposition, appellant admitted that she had never been to the offices of Arter Hadden and had never spoken with Elliott or Teves. Thus, because appellant had no contact with appellees before (or after) signing the promissory note and mortgage, they could not have made any — much less fraudulent — representations to her regarding the note or mortgage. Moreover, there could have been no reliance by appellant. In the absence of either element, appellant's fraud claim against appellees necessarily fails.
Appellant argues, however, that appellees' improper acknowledgement of the documents was per se fraudulent as to appellant, thereby invalidating the mortgage. We disagree.
As the Ninth District Court of Appeals held in Seabrooke v. Garcia (1982), 7 Ohio App.3d 167, 169:
 [A] defectively executed mortgage is valid as between the parties in the absence of fraud. The reasoning behind such a rule is to bind the parties to that which they intended. The purpose of the acknowledgement statute (R.C. 5301.01) is to provide evidence of execution and authority for recordation. It is not to provide a way of escape for a party who later wishes to renege on his agreement.
We have already determined that there was no fraud by appellees in the execution of the documents. Accordingly, although the documents were defectively acknowledged, in the absence of fraud, they are still valid between the parties. Citizens National Bank v. Denison (1956),165 Ohio St. 89.
Appellant's citation to Bank One, Columbus, N.A. v. Lucas (June 30, 1986), Franklin App. No. 85AP-418, unreported, is unpersuasive. In Bank One, the owner of an appliance company sought to borrow money from the bank for his business. The bank required the owner to take out a mortgage on his residence, which was also partially owned by his wife. The man asked his wife to sign some papers, among which was the mortgage document. Id. The wife signed the papers, although she later testified that she had no recollection of having done so. Subsequently, the man sent the signed mortgage to an attorney for the appliance company. The attorney had a telephone conversation with the husband, in which he verified that the husband had signed the mortgage. The attorney then signed the mortgage as a witness and acknowledged the signature of the wife, even though he had not had any contact with her. He then mailed the mortgage to Bank One.
Eventually, the bank brought an action upon the promissory note and mortgage, seeking foreclosure on the residence and judgment on the note. The husband and wife filed an answer and counterclaim, asserting, as appellant does here, that the mortgage was not valid because it had not been properly witnessed and acknowledged. The trial court entered judgment in favor of the bank, however, and ordered foreclosure upon the mortgage.
On appeal, the Tenth Appellate District held that the mortgage was valid as to the husband, but invalid as to the wife. The court noted that although the wife's name was listed on the mortgage, there was no indication that the bank expected to obtain a mortgage from her. Moreover, the court noted that the evidence, at best, is imperfect upon the question of delivery as to whether defendant Mary Lucas authorized defendant John Lucas to deliver the mortgage * * *. Id. Accordingly, the court held that because Mary Lucas never authorized delivery of the mortgage and her signature was improperly acknowledged, the mortgage was not valid as to her.
This case, however, is not like Bank One. Appellant testified in her deposition that she intended to sign the documents. Appellant further testified that she knew that she was obligating herself by her signature and the documents would be delivered to the bank on the day that she signed:
 QUESTION: The next morning where was it you [Lee Hartman] first saw your husband?
ANSWER: In the kitchen.
 QUESTION: Alright, and he said he had to have what signed?
 ANSWER: He had to have the papers signed for Provident Bank.
QUESTION: And what, if anything, did you say?
 ANSWER: I don't want to sign them and he said you have to sign them and this and that. So I signed it and I was crying. And he took the papers and left.
Here, unlike Bank One, it is apparent that appellant knew what she was signing and intended to deliver the signed mortgage document to Provident Bank. Indeed, as the trial court recognized in its decision, this is precisely why [appellant] was reluctant to sign [the mortgage]: because she fully understood the legal significance of what she was doing.
As the Ninth District Court of Appeals explained in Seabrooke, supra:
 As pointed out in Spencer v. Fry (1938), 20 Ohio Law Abs. 331, the acknowledgement of an instrument is not the same as the instrument itself. There the court noted that in Ohio the court may give full effect to a defective instrument in order to carry out the intentions of the parties * * *. Indeed, the court in Empire Gas Co. [v. Coolahan (1925), 112 Ohio St. 30], expressly stated that it was considering the right of the parties to consider the writing as a contract that could be reformed to conform to the intent of the parties. The court merely held that the acknowledgement was void.
Here, giving full effect to appellant's intention to sign the promissory note and mortgage in favor of Provident Bank, we hold that although the mortgage was improperly acknowledged, it was valid between the parties. Therefore, the trial court did not err in granting summary judgment to appellees regarding appellant's fraud claim.
Appellant also contends that genuine issues of material fact preclude summary judgment in favor of appellees regarding her negligence claim.
R.C. 147.53 provides that the person taking an acknowledgement shall certify that:
 (A) The person acknowledging appeared before him and acknowledged he executed the instrument;
 (B) The person acknowledging was known to the person taking the acknowledgement, or that the person taking the acknowledgement had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument.
Appellant contends that appellees breached their duty pursuant to R.C.147.53 in notarizing her signature on the mortgage because she did not appear before them and acknowledge her signature on the documents.
To establish actionable negligence, one seeking recovery must show the existence of a duty, the breach of the duty and injury resulting proximately therefrom. Sedar v. Knowlton Construction Co. (1990),49 Ohio St.3d 193. Although appellant may have established a duty and a breach of that duty, she cannot establish that she was damaged by appellees' actions.
Appellant asserts that she was damaged by appellees' actions because she was forced to enter into a $100,000 settlement with Provident Bank regarding its claim on the mortgage. As stated earlier, however, appellant's settlement with Provident was voluntary. She was not forced to settle with Provident. Moreover, appellant's settlement with Provident is irrelevant to appellees' negligent notarization of the mortgage document. Accordingly, the trial court properly granted summary judgment to appellees regarding appellant's negligence claim.
Assignments of error two through five are therefore overruled.
It is ordered that appellees recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 __________________________ TIMOTHY E. McMONAGLE, P.J.
KENNETH A. ROCCO, J. and COLLEEN CONWAY COONEY, J., CONCUR.
[1] The order of sale was subsequently returned without execution.