[Cite as *Bernard Philip Dedor Revocable Declaration of Trust v. Res. Energy Exploration Co.*, 2014-Ohio-5383.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| BERNARD PHILIP DEDOR REVOCABLE DECLARATION OF TRUST, et al., | : | **O P I N I O N** |
| | : | |
| Plaintiffs-Appellants, | : | **CASE NO. 2014-P-0001** |
| | : | |
| - vs - | : | |
| | : | |
| RESERVE ENERGY EXPLORATION CO., et al., | : | |
| | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2012 CV 0843.

Judgment: Affirmed.

*Michael D. Rossi,* Guarnieri & Secrest, P.L.L., 151 East Market Street, P.O. Box 4270, Warren, OH 44482; *Marty Nosich* and *John M. Rossi*, The Law Offices of Bishop & Nosich, L.L.C., 143 West Main Street, Cortland, OH 44410 (For Plaintiffs-Appellants).

*John K. Keller, Timothy B. McGranor* and *Jonathan P. Corwin,* Vorys, Sater, Seymour & Pease, LLP, 52 East Gay Street, P.O. Box 1008, Columbus, OH 43216 (For Defendants-Appellees).

COLLEEN MARY O'TOOLE, J.

{¶1}    Appellants, Dale and Cynthia Brookover, appeal from the January 6, 2014 judgment of the Portage County Court of Common Pleas, granting appellees', Reserve Energy Exploration Co. ("Reserve Energy") and Mountaineer Keystone Holdings, LLC ("Mountaineer"), motion for summary judgment. Appellants seek to escape an oil and

gas lease they signed in favor of Reserve Energy, which was later partially assigned to Mountaineer. Appellants claim the lease is null and void due to a notary defect in the acknowledgment. For the reasons that follow, we affirm.

{¶2} Appellants own 32.39 acres of land in Portage County. They reside on approximately half of the acreage and maintain the remainder for corn farming. The property is adjacent to lands owned by Bernard Philip Dedor Revocable Declaration of Trust ("Trust").

{¶3} In June 2008, Joseph Biaglow ("Biaglow"), an independent contractor for Reserve Energy, went to appellants' residence to discuss the possibility of signing an oil and gas lease. Following their discussion, appellants requested some time to think it over. A few days later, Biaglow went back to appellants' home. After discussing the matter further, he gave them a copy of a Geophysical Permit and Option to Lease Agreement along with a copy of the industry-standard Oil and Gas Lease. Appellants were given the opportunity to read and review the documents.

{¶4} Thereafter, on July 10, 2008, appellants voluntarily executed a five-year oil and gas lease with Reserve Energy.[1] No notary public was present at the time appellants signed the lease. However, Wanda York, a notary public, later acknowledged their signatures. The "effective date" of the lease was July 9, 2009. It was recorded on June 30, 2010. Reserve Energy paid the required option payment which appellants accepted and deposited. Thereafter, Reserve Energy timely paid all delay rental payments required by the lease which appellants also accepted and deposited.

---

1. The lease grants Reserve Energy all of appellants' oil and gas rights. Certain lessee rights were later assigned to Mountaineer. The Trust maintained a separate lease with Reserve Energy on the adjacent land.

2

{¶5} On July 20, 2012, appellants and the Trust filed a complaint against Reserve Energy and Mountaineer.[2] Appellants sought a declaratory judgment alleging, inter alia, that the oil and gas lease was null and void due to a defective notary acknowledgment under R.C. 5301.01. Reserve Energy and Mountaineer filed an answer.

{¶6} Thereafter, on August 16, 2013, Reserve Energy and Mountaineer ultimately filed a motion for summary judgment, which the trial court granted on January 6, 2014.[3] Appellants filed a timely appeal asserting the following assignment of error for our review:[4]

{¶7} "The trial court erred in granting Defendant-Appellees' Motion for Summary Judgment on the Amended Complaint's Third Claim – 'Defective Acknowledgment of Lease-Declaratory Judgment."

{¶8} "Summary judgment is a procedural tool that terminates litigation and thus should be entered with circumspection. *Davis v. Loopco Industries, Inc.*, 66 Ohio St.3d 64, 66 * * * (1993). Summary judgment is proper where (1) there is no genuine issue of

---

2. The Trust later settled its claims and is not a party in this appeal. Appellants subsequently filed an amended complaint on March 6, 2013 (which included the defective acknowledgment claim as well as other additional claims not at issue in this appeal).

3. Appellants did not oppose the motion.

4. Appellants filed their brief on March 6, 2014. Reserve Energy and Mountaineer filed their brief on March 19, 2014. On April 23, 2014, Reserve Energy and Mountaineer filed a "Notice of Supplemental Authority," including an April 18, 2014 Sixth Circuit Court of Appeals decision, *Cole v. EV Properties, L.P.*, 6th Cir. No. 13-3677, 2014 U.S. App. LEXIS 7464 (April 18, 2014), which we address in the argument portion of this opinion. Oral arguments were held before this court on May 22, 2014. Following oral arguments, appellants filed a "Suggestion for the Record" that same date. Appellants, through counsel, made the following suggestion: "* * * to correct the mutual mistake of presenting counsel at oral argument. Specifically, counsel asserts that there is no record of written lease acknowledgement or mailing instructions provided to Appellants but rather that the lease was defectively acknowledged by a believed agent of Appellee Reserve Energy. The undersigned counsel asserts that a combination of a large volume of very similar cases on the same issues contributed to the confused point at oral argument."

material fact remaining to be litigated; (2) the movant is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and, viewing the evidence in the non-moving party's favor, that conclusion favors the movant. *See, e.g.,* Civ.R. 56(C).

{¶9} "When considering a motion for summary judgment, the trial court may not weigh the evidence or select among reasonable inferences. *Dupler v. Mansfield Journal Co.,* 64 Ohio St.2d 116, 121 * * * (1980). Rather, all doubts and questions must be resolved in the non-moving party's favor. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 359 * * * (1992). Hence, a trial court is required to overrule a motion for summary judgment where conflicting evidence exists and alternative reasonable inferences can be drawn. *Pierson v. Norfork Southern Corp.*, 11th Dist. No. 2002-A-0061, 2003-Ohio-6682, ¶36. In short, the central issue on summary judgment is, 'whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-252 * * * (1986). On appeal, we review a trial court's entry of summary judgment de novo. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105 * * * (1996)." *Meloy v. Circle K Store*, 11th Dist. Portage No. 2012-P-0158, 2013-Ohio-2837, ¶5-6. (Parallel citations omitted.)

{¶10} R.C. 5301.01(A) requires that a lessor "shall * * * acknowledge[]" his signature on a lease of real property before a qualified official, such as a notary public. Appellants have alleged that their oil and gas lease was defectively acknowledged under R.C. 5301.01(A). Thus, the main question in this case is whether the

4

instrument's failure to comply with R.C. 5301.01(A) renders the lease unenforceable. For the following reasons, we hold that it does not.

{¶11}  The parties make a distinction regarding leases and deeds in an attempt to reach different outcomes.  As stated, appellants, as evidenced in their "Suggestion for the Record" which they filed following oral arguments, assert there is no record of written lease acknowledgement or mailing instructions but rather the lease was defectively acknowledged by a believed agent of Reserve Energy and, thus, unenforceable.  However, a defective acknowledgment is not fatal to the enforceability of a lease as between parties who intended that it bind them, as noted in Reserve Energy's and Mountaineer's "Notice of Supplemental Authority," which relied on the Sixth Circuit's decision in *Cole v. EV Properties*, *L.P.*, 6th Cir. No. 13-3677, 2014 U.S. App. LEXIS 7464, *11.

{¶12}  *Cole* recently relied upon and quoted Ohio's long-standing rule that "'(a) defectively executed instrument, *either a lease or a deed*, when made by the owner, may be enforced against him as a contract to make a lease or deed for the reason that it is his contract.'  *Lithograph Bldg. Co. v. Watt*, 96 Ohio St. 74 * * * (1917)."  (Emphasis sic.) (Parallel citation omitted.)

{¶13}  Regarding leases, the Sixth Circuit further stated the following:

{¶14}  "'There is no magic about the word "lease"' that exempts leases from typical rules governing the enforcement of voluntary agreements between competent parties.  *Pero v. Miller*, 32 Ohio App. 174 * * * (Ohio Ct. App. 1928).  If supported by consideration, a lease is 'a valid and enforcible (sic) contract between the parties,' even if 'defectively executed and not recorded.'  *Id.; see also Seabrooke* [*v. Garcia*, 7 Ohio

App.3d 167 (9th Dist.1982)]. * * * Defective acknowledgment, therefore, is not fatal to the enforceability of a lease as between parties who intended that it bind them * * *. * * * The Ohio courts have * * * repeatedly held * * * that defectively acknowledged oil and gas leases remain enforceable between the parties, despite defective execution. *See, e.g., Logan Gas* [*Co. v. Keith*, 117 Ohio St. 206 (1927)]; *Langmede* [*v. Weaver*, 65 Ohio St. 17 (1901)]; *Swallie v. Rousenberg*, 190 Ohio App.3d 473, 2010-Ohio-4573 [(7th Dist.2010)]. * * * [Thus,] [w]here there is no dispute that the parties actually signed the defectively acknowledged instruments and intended that the transfer occur, the Ohio courts have insisted that the parties be bound 'to that which they intended.'" *Cole, supra,* at *12-17.

{¶15} Regarding deeds, this court stated the following:

{¶16} "'There is no question that (under) R.C. 5301.01(,) (* * *) the notary must properly acknowledge the grantor's signature. A failure to comply with the provisions of R.C. 5301.01 can result in an inability to pass "legal title" as that term is defined in the context of affording notice of recordation of the conveyance of the property to creditors and subsequent purchasers. Nevertheless, as between the grantor and grantee, the deed is valid, despite a defective acknowledgment. * * *' (Citations omitted.)" *Estate of Niemi v. Niemi*, 11th Dist. Trumbull No. 2008-T-0082, 2009-Ohio-2090, ¶70, quoting *Basler v. Multicare Co., Inc.*, 11th Dist. Geauga No. 98-G-2201, 1999 Ohio App. LEXIS 5506, *9 (Nov. 19, 1999).

{¶17} This court further stated:

{¶18} "In *Citizens Nat'l Bank v. Denison* (1956), 165 Ohio St. 89 * * *, the Supreme Court held that where the acknowledgment or execution of the deed is defective, it is ineffective as against subsequent creditors. However, such a deed 'is valid as between the parties thereto, in the absence of fraud.' *Id.* at 95." *Niemi, supra,* at ¶71. (Parallel citation omitted.)

{¶19} In order to somehow escape the foregoing controlling law, appellants attempt to rely on cases dealing with traditional surface leases. *See, e.g., Delfino v. Paul Davies Chevrolet, Inc.*, 2 Ohio St.2d 282 (a defective lease involving nonpayment of rent regarding a landlord who leased property to a tenant was found invalid); *Burger v. Buck*, 11th Dist. Portage No. 2008-P-0041, 2008-Ohio-6061 (a defective lease involving a barn to keep horses was found invalid). However, this case involves an oil and gas lease. Unlike a traditional surface lease, "[a]n oil and gas lease differs from the ordinary lease of land for use by the lessee." *Herman v. Grange Mut. Cas. Co.,* 11th Dist. Ashtabula No. 935, 1978 Ohio App. LEXIS 8995, *3 (July 31, 1978).

{¶20} "'(A)n oil and gas lease is not a "lease" in the traditional sense of a lease of the surface of real property. In a typical oil or gas lease, the lessor is a grantor and grants a fee simple determinable interest to the lessee, who is actually a grantee. Consequently, the lessee/grantee acquires ownership of all the minerals in place that the lessor/grantor owned and purported to lease, subject to the possibility of reverter in the lessor/grantor. The lessee's/grantee's interest is "determinable" because it may terminate and revert entirely to the lessor/grantor upon the occurrence of events that the lease specifies will cause termination of the estate.'" *Kramer v. PAC Drilling Oil & Gas,*

*LLC*, 197 Ohio App.3d 554, 2011-Ohio-6750, ¶11 (9th Dist.), quoting *Natural Gas Pipeline Co. of Am. v. Pool*, 124 S.W.3d 188, 192 (Tex. 2003).

{¶21} Our review of the record and the foregoing case law reveals that the oil and gas lease at issue is valid, despite a defective acknowledgement, as there is no evidence of fraud. *Cole, supra,* at *14; *Swallie, supra,* at ¶35. Contrary to appellants' assertions, there is no evidence that the contract is invalid. In fact, pursuant to *Cole,* both parties intended to be bound by the terms of the contract. They have acted under such terms with no allegations of any breach during the requisite time period. Appellants were give ample opportunity to read and review the document prior to signing. There is no dispute that appellants voluntarily signed the lease, thereby expressing their clear intent to be bound by the terms of that agreement. Appellants cannot now renege on their agreement by claiming that the oil and gas lease contained a defective acknowledgement. *Seabrooke, supra,* at 169.

{¶22} In addition, we note that the express terms of the oil and gas lease bar appellants' defective acknowledgement claim. The lease clearly states at paragraph five: "[N]o default shall be declared against Lessee for any omissions, errors, or other defects in notarization, acknowledgement, or witnessing of such lease."

{¶23} Upon consideration, the trial court correctly determined there was no fraud and that the defectively acknowledged oil and gas lease is valid between the parties and their assigns. The court properly granted Reserve Energy's and Mountaineer's motion for summary judgment.

{¶24} For the foregoing reasons, appellants' sole assignment of error is not well-taken. The judgment of the Portage County Court of Common Pleas is affirmed.

DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.