{¶ 55} I respectfully dissent from the majority.
 {¶ 56} I dissent based on the precedent in Basler v. MulticareCo. (Nov. 19, 1999), 11th Dist. No. 98-G-2201, 1999 Ohio App. LEXIS 5506, wherein this court adopted the holding of the Supreme Court of Ohio, stating at 9-10:
 {¶ 57} "There is no question that R.C. 5301.01 requires a deed to be signed by the grantor in the presence of two witnesses and that the notary must properly acknowledge the grantor's signature. A failure to comply with the provisions of R.C. 5301.01 can result in an inability to pass `legal title' as that term is defined in the context of affording notice of recordation of the conveyance of the property to creditors and subsequent purchasers. Nevertheless, as between the grantor and grantee, the deed is valid, despite a defective acknowledgment. In re Downs
(1996), 205 B.R. 93, 96, citing Citizens Nat'l Bank v. Denison (1956),165 Ohio St. 89 * * *; Seabrooke v. Garcia (1982), 7 Ohio App.3d 167 * * *;Basil v. Vincello (1990), 50 Ohio St.3d 185 * * * (noting that in situations where the purchase price for property has been paid by the vendee, but in return the vendor never relinquishes title or possession, courts have created an equitable interest in the purchaser as having a *Page 15 
cause of action for breach of an executory contract or as having `vendee's lien' over the property).
 {¶ 58} "The Supreme Court of Ohio in Denison recognized that the purpose behind having a deed acknowledged is to have evidence of proper execution by the grantor. Without this acknowledgment, there is no authority under which the deed can be properly recorded. This is consistent with the purpose behind recording which is to provide notice to creditors and subsequent purchasers. As a result, a defectively acknowledged deed is valid, in the absence of fraud, between the parties to a transaction and their heirs, and may be enforced in equity in a contract for the conveyance of legal title. Troglin v. Bennett, 1993 Ohio App. LEXIS 4801, *3 (Sept. 30, 1993), Lake App. No. 92-L-183, unreported." (Parallel citations omitted.)
 {¶ 59} There is no evidence in the record to support the theory that the conveyance of the property between the decedent and the Bucks was produced by fraud. In addition, no one disagrees that the decedent signed the deed in question on his own free will.
 {¶ 60} Both the Bucks and the Estate, standing in the shoes of the decedent, had an interest in the title of the property. The exact degree of that interest has never been adjudicated.
 {¶ 61} Based upon the foregoing, I would reverse. *Page 1